UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER O'CONNOR, | ) | |
| KEVIN O'CONNOR, and | ) | |
| JAMES ADAM COX , | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| OAKHURST DAIRY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAIRY FARMERS OF AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, Christopher O'Connor, Kevin O'Connor and James Adam Cox, on behalf of themselves and all others similarly situated, complain of Defendant Oakhurst Dairy as follows:

## I.    INTRODUCTION

This is an action brought by former and current delivery drivers of Oakhurst Dairy ("Oakhurst"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq*., ('the FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq*, to recover unpaid minimum wage and overtime compensation.  Plaintiffs Christopher O'Connor, Kevin O'Connor, and James Adam Cox (collectively, "Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated to them who were formerly or are currently employed as delivery drivers by Oakhurst in the State of Maine.

## II.    JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal FLSA, 29 U.S.C. §201 *et seq.* The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

2.    Venue properly lies in this Court pursuant to 28 U.S.C. §1391 because the Defendant Oakhurst maintains a place of business in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## III.    JURY DEMAND

3.    Plaintiffs demand trial by jury of all claims to the extent permitted by law.

## IV.    PARTIES

### Plaintiff Christopher O'Connor

4.    Plaintiff Christopher O'Connor is a citizen of the United States and a resident of Brunswick, Maine.

5.    From approximately 2003 until the present, Plaintiff Christopher O'Connor ("C. O'Connor") has been employed by Defendant Oakhurst as a delivery driver based in Portland, Maine.

6.    C. O'Connor has been, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

7.    C. O'Connor has been, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

8.      During his employment with Oakhurst, C. O'Connor regularly has worked in excess of forty (40) hours in a work week.

9.      During his employment with Oakhurst, C. O'Connor has not been paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

10.     During his employment with Oakhurst, C. O'Connor has not been paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

**Plaintiff Kevin O'Connor**

11.     Plaintiff Kevin O'Connor is a citizen of the United States and a resident of Winslow, Maine.

12.     From approximately 2005 until 2009, Plaintiff Kevin O'Connor ("K. O'Connor") was employed by Defendant Oakhurst as a delivery driver based primarily in Waterville, Maine.

13.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

14.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

15.     During his employment with Oakhurst, K. O'Connor regularly worked in excess of forty (40) hours in a work week.

16.     During his employment with Oakhurst, K. O'Connor was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

17.     During his employment with Oakhurst, K. O'Connor was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

**Plaintiff James Adam Cox**

18.     Plaintiff James Adam Cox is a citizen of the United States and a resident of Brunswick, Maine.

19.     From approximately mid-2009 until mid-2011, Plaintiff James Adam Cox ("Cox") was employed by Defendant Oakhurst as a delivery driver based in Maine.

20.     Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

21.     Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

22.     During his employment with Oakhurst, Cox regularly worked in excess of forty (40) hours in a work week.

23.     During his employment with Oakhurst, Cox was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

24.     During his employment with Oakhurst, Cox was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

25.     The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated.  With respect to Plaintiffs' allegations under the FLSA, Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b).  With

respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Defendants Oakhurst and Dairy Farmers of America, Inc.

26.    Defendant Oakhurst is a Maine company.  Until January 2014, Oakhurst had its headquarters in Portland, Maine.  On or about January 31, 2014, Oakhurst was purchased by Dairy Farmers of America, Inc., a national cooperative.  Upon information and belief, following the purchase, Defendant Oakhurst has become a wholly-owned subsidiary of Dairy Farmers of America, Inc..

27.    Defendant Dairy Farmers of America, Inc. is a cooperative headquartered in Kansas City, Missouri.  On or about January 31, 2014, Dairy Farmers of America, Inc. purchased Oakhurst.

28.    Defendant Oakhurst bottles milk and produces other dairy products from a facility in Portland, Maine.  Milk, dairy, and other products are distributed by delivery drivers from Oakhurst facilities within the State of Maine in Portland, Waterville, Bangor, and Presque Isle.

29.    Defendant Oakhurst is subject to the requirements of the FLSA and the Maine Minimum Wage and Overtime Law.

30.    Defendant Oakhurst is an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

31.    At all times material hereto, Defendant Oakhurst was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

32.     Defendant Oakhurst is subject to the requirements of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq*. because it suffered or permitted Plaintiffs to work as defined by 26 M.R.S.A. § 663(2).

## V.     GENERAL FACTUAL ALLEGATIONS

33.     Defendant Oakhurst holds itself out to be the "only truly local major dairy" in Northern New England and purveyor of the "Natural Goodness of Maine."

34.     At all relevant times, Plaintiffs are or were employed as delivery drivers for Oakhurst based in the State of Maine.

35.     Oakhurst designates its delivery drivers by the job title "Route Salesmen."  The so-called "Route Salesmen" do not solicit sales, although Oakhurst customers can ask them to electronically enter an order to replenish stock.

36.     As Route Salesmen based in Maine, Plaintiffs' primary job duties consist of picking up loaded trucks from one of Oakhurst's four Maine facilities (Portland, Waterville, Bangor, or Presque Isle), driving the loaded trucks to Oakhurst's retail customers, assisting with unloading the products at the sites of Oakhurst customers, entering electronic orders requested by retail customers for additional products to replenish the customers' stock, and driving the empty trucks back to the original facility where the route was initiated.

37.     Route Salesmen regularly worked in excess of forty (40) hours in a work week.

38.     Oakhurst paid Route Salesmen a flat weekly "salary" regardless of how many hours they worked or miles they drove.  If Route Salesmen worked a sixth day within a given work week, they received an additional lump sum, which was calculated as a percentage of the employee's "salary."

39.     At any given time, Oakhurst employs approximately 50 Route Salesmen.

6

40.     Route Salesmen were not compensated at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week.

41.     Route Salesmen were not paid an amount of overtime pay "reasonably equivalent" to that required by the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664, one and one-half times their regular rate of pay for hours worked over forty (40) per week.

## Class And Collective Allegations

42.     The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated.  With respect to Plaintiffs' allegations under the FLSA, Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b).  With respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Federal Collective Action Allegations

43.     Plaintiffs seek to bring a collective action for unpaid overtime in violation of the Fair Labor Standards Act. For purposes of Plaintiff's allegations under the FLSA, Plaintiffs seek to represent all persons similarly situated to Plaintiffs who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since three years prior to the filing of the Complaint.

44.     At any given time, Oakhurst employs approximately 50 Route Salesmen.  Upon information and belief, because of turnover, Oakhurst has employed more than 100 Route Salesmen similarly situated to Plaintiffs to deliver products from Oakhurst's Maine facilities to its retail customers during the three years prior to the filing of the Complaint.

45.     Plaintiffs C. O'Connor, K. O'Connor, and Cox are similarly situated to one another and the putative class members insofar as:

a.      All worked as Route Salesmen for Defendant Oakhurst.

b.      All were based in Maine.

c.      All were paid by Oakhurst on the same basis.

d.      All regularly worked more than 40 hours a week for Oakhurst.

e.      All were denied overtime pay by Oakhurst.

**Maine Class Action Allegations**

46.    Plaintiffs seek to bring a class action for unpaid overtime in violation of the Maine Minimum Wage and Overtime Law. For purposes of Plaintiffs' allegations under the Maine Minimum Wage and Overtime Law, Plaintiffs seek to represent a class consisting of all persons who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since six years prior to the filing of the Complaint.

47.    The class described in paragraph 46 is sufficiently numerous such that joinder of all persons in the class is impracticable, as required by Fed. R. Civ. P. 23(a)(1).

48.    As required by Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the class, including but not limited to:

a) the nature of the job duties and responsibilities of Route Salesmen;

b) the manner in which Oakhurst compensated Route Salesmen for the work they performed;

c) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3), by failing to pay its Route Salesmen at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week;

8

       d) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3)(H) (eff. Sept. 1, 2003, repealed eff. August 30, 2012) ("Former Section 664(3)(H)"), by failing to pay its Route Salesmen an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664 for hours worked over forty (40) per week.

     49.    As required by Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the class they seek to represent.

     50.    Plaintiffs and their counsel will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).

     51.    Pursuant to Fed. R. Civ. P. 23(b)(1)(A), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the class.

     52.    Pursuant to Fed. R. Civ. P. 23(b)(1)(B), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, substantially impair or impede their ability to protect their interests.

     53.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

     54.    Maintenance of this action as a class action will promote the efficient administration of justice by obviating the need of numerous individual members to commence their own action.

55.    Maintenance of this action as a class action will promote the equitable administration of justice since many individual members may not have the resources to independently retain counsel and pursuing claims on an individual basis would be disproportionately expensive.

56.    Maintenance of this action as a class action is unlikely to impose burdens upon the Court other than those which would be encountered if the action were to proceed as an individual action on behalf of Plaintiffs.

**VI.    CAUSES OF ACTION**

<u>**COUNT I**</u>
**(Individual and Collective Action FLSA Allegations
for Failure  to Pay Overtime In Violation of 29 U.S.C. §207)**

57.    Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

58.    At all material times, Route Salesman have been covered, non-exempt employees of Oakhurst within the meaning of the FLSA.

59.    Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(a)(1).

60.    Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(b)(1).

61.    Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay.

62.    By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the FLSA which require overtime compensation for non-exempt employees.

63.    As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

### COUNT II
**(Failure to Pay Overtime In Violation of Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664)**

64.    Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

65.    From September 2, 2003 until August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements to the extent that they were exempt under federal law, but still mandated that those drivers be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664, one and one-half times the regular rate of pay for hours worked in excess of forty (40) per work week. See 26 M.R.S.A. §664(3)(H) (eff. Sept. 1, 2003; repealed eff. August 30, 2012) ("Former Section 664(3)(H)"); 12-170 Code of Maine Regulations Ch. 14, section III (Department of Labor regulations promulgated pursuant to Former Section 664(3)(H)).  Following legislative amendments, effective August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements, but still only to the extent that drivers were exempt under federal law. See 26 M.R.S.A. §664(3)(K) (eff. August 30, 2012).

66.    At all material times, Route Salesman have been covered, non-exempt employees of Oakhurst within the meaning of Maine law.

11

67.     Route Salesmen are not exempt from the overtime requirements of the Maine Minimum Wage and Overtime Law pursuant to 26 M.R.S.A. §664(3)(K) or Former Section 664(3)(H).

68.     Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay.

69.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664(3), which requires overtime compensation for non-exempt employees.

70.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of Former Section 664(3)(H), which required that Route Salesmen be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664.

71.     As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court order the following relief:

1.     Enter an order certifying a collective action pursuant to §216(b) for violations of the FLSA.

2.      Enter an order certifying Plaintiffs and all employees similarly situated to them as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the Maine Minimum Wage and Overtime Law.

3.      Order Defendant Oakhurst to pay all damages to which the named Plaintiffs and class members may be entitled, including unpaid overtime compensation, liquidated damages, and pre- and post-judgment interest.

4.      Order Defendant Oakhurst to pay costs and reasonable attorneys' fees.

5.      Award such additional relief as the Court deems appropriate.

Dated:  May 5, 2014                          Respectfully submitted,


                                             */s/ Jeffrey Neil Young*
                                             Jeffrey Neil Young
                                             JOHNSON, WEBBERT & YOUNG, LLP
                                             160 Capitol St., Suite 3
                                             Augusta, ME 04332
                                             Telephone:  (207) 623-5110
                                             Email:  jyoung@johnsonwebbert.com


                                             /s/ *Carol J. Garvan*
                                             Carol J. Garvan
                                             JOHNSON, WEBBERT & YOUNG, LLP
                                             160 Capitol St., Suite 3
                                             Augusta, ME 04332
                                             Telephone:  (207) 623-5110
                                             Email:  cgarvan@johnsonwebbert.com


                                             *Attorneys for Plaintiffs*

13