**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **CHRISTOPHER O'CONNOR, KEVIN O'CONNOR, and JAMES ADAM COX, on behalf of themselves and all others similarly situated,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No. 2:14-cv-00192-NT** |
| v. | ) ) | |
| **OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA, INC.,** | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MEMORANDUM REGARDING THE LEGAL BASES FOR THEIR ANTICIPATED DISPOSITIVE MOTION(S) AND RELATED DISCOVERY ISSUES**

Defendants submit the following reply brief in further support of its memorandum setting forth the specific bases for their anticipated dispositive motion(s) (Doc. 24).

## I. Plaintiffs' Entreaty to the Court to Order Immediate Discovery Regarding Putative Collective Action Plaintiffs Because of Limitations Issues is a Red Herring.

Plaintiffs' Response to Defendants' opening Memorandum repeatedly urges this Court to disregard the dispositive issues briefed by Defendants and instead order the production of information related to the putative collective action plaintiffs and class members because the "limitations period is running on Plaintiffs' claims." Doc. 25 at 3. This is a red herring; while there is no doubt that the limitations period continues to run on *putative plaintiffs' FLSA claims*, it was tolled for the named Plaintiffs' the moment they filed their Complaint. The filing of the Complaint also tolled the limitations period for all *putative class members* for purposes of Plaintiffs' state law claims. Additionally, anyone who feels that he or she may be similarly

situated may, at any time (as several individuals already have), join this action or file his or her own action.

Furthermore, Plaintiffs' entreaties regarding the running of the limitations period are based on a significant, and currently unsubstantiated, premise – *i.e.*, other Oakhurst drivers have valid claims entitled to some sort of judicial protection. Such an assumption is not appropriate. Furthermore, at this juncture, it is equally likely no other drivers believe they have claims. And certainly, to the extent that other drivers feel they have a valid claim, they are not hindered from pursuing their claims in a separate action.

Finally, Defendants note this issue was discussed by the parties at the Court's August 19th hearing. In recognition of Plaintiffs' concerns related to the limitations period, Defendants are open to an expedited discovery and briefing schedule on its legal bases for dispositive motions. However, Defendants do not believe Plaintiffs' concern outweighs the potential savings in terms of costs and judicial economy that could be gained through the submission of early dispositive motions.

## II.     Plaintiffs' Response to Defendants' Preemption Arguments Prematurely Goes to the Merits of the Issues and Does Not Undercut Defendants' Argument That Judicial Economy is Best Served Through Early Disposition of These Issues.

In Defendants' opening memorandum, they outlined, in broad strokes, their federal preemption arguments regarding the Motor Carrier Act ("MCA"), 49 U.S.C. § 31502, and the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501. In laying out their preemption arguments, Defendants noted they were "legal in nature; requir[ing] little, or no, fact discovery." Doc. 24 at 2. Plaintiffs' Response does not dispute this; nor does it dispute that adjudication of these issue could entirely dispose of this matter. Rather, Plaintiffs fast forward to the merits of this issue, forecasting (in Defendants' opinion inaccurately) that

Defendants will lose on this basis and, therefore, the Court should not permit early dispositive motions.

This response misses the central question at issue during the Court's August 19th hearing: would judicial economy best be served by allowing limited discovery and early dispositive motions on these issues? Nothing in Plaintiffs' Response challenges Defendants' position that it would be.

### III.   Plaintiffs' Argument That They Will Need "Extensive Discovery" To Determine Whether the FLSA Exemptions Apply Is Unsupported By Any Specifics.

Plaintiffs assert they will require "extensive discovery – including investigation of Defendants' assertions – to determine whether" the FLSA's Motor Carrier Act and Outside Sales exemptions, 29 U.S.C. § 213(b)(1) and (a)(1), respectively, apply. Doc. 25 at 7. Tellingly, Plaintiffs do not identify what discovery is needed, nor do they explain why such discovery would be considered "extensive." Furthermore, Plaintiff seems to contend such discovery must initially be had by all putative plaintiffs. Yet Defendants propose initially limiting discovery on these issues to the named Plaintiffs. Such discovery would certainly not be "extensive," requiring little more than the depositions of the named Plaintiffs and limited document discovery from Defendants. Should the Court find any or all of the exemptions apply to Plaintiffs' FLSA claims and their claims are dismissed, they will not have standing to continue litigating this matter as a collective action and the entire matter will be ripe for dismissal.

### IV.   Plaintiffs' Filing of Their Motion for Conditional Certification Undercuts Their Argument That Early Discovery Regarding Putative Plaintiffs is Necessary to Pursue Their Claims and Contradicts the Spirit of the Court's August 19th Order.

Plaintiffs claim to need early discovery regarding the putative plaintiffs and putative class members in order to vigorously pursue their claims. Yet, Plaintiffs have already filed a

motion for conditional certification of their FLSA claims, stating in a footnote in their Response that they "determined that they are currently able to meet the standard for conditional certification." Doc. 25 at fn. 1. If this is true, it is unclear to Defendants what immediate need Plaintiffs have for information related to the putative plaintiffs and class members, and why such information cannot await a ruling on Plaintiff's motion for conditional certification.

Furthermore, Defendants note they understood the purpose of the instant briefing to be an examination of whether judicial economy would best be served through the submission of early dispositive motions – certainly before any motions for certification were filed. Thus, Defendants believe Plaintiffs' motion contradicts the spirit of the Court's August 19th Order and is premature. Defendants, therefore, will seek an extension of time to respond to Plaintiff's motion, asking the Court to delay their response date until twenty-one days after the Court rules on the instant briefing.

## V.    Conclusion

Nothing in Plaintiffs' Response brief contradicts Defendants' argument that judicial economy is best served through the early submission of dispositive motions and limiting early discovery to facts related to the preemption and exemption issues noted in Defendants' initial Memorandum. Thus, Defendants respectfully ask this Court to entertain early dispositive motions on these issues and to enter an order tailoring early discovery to those facts related to these issues.

Respectfully submitted,

OAKHURST DAIRY AND
DAIRY FARMERS OF AMERICA, INC.,
By their attorneys,

/s/ Patrick F. Hulla
Danielle Y. Vanderzanden, #9757
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone: 617.994.5700
Fax: 617.994.5701
dani.vanderzanden@ogletreedeakins.com

and

Patrick F. Hulla *(pro hac vice)*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
pat.hulla@ogletreedeakins.com

September 26, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on September 26, 2014.

/s/ Patrick F. Hulla
Patrick F. Hulla

19019339.1

-5-