UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O'CONNOR, et al.,   )<br>                                                          )<br>          *Plaintiffs*                            )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>OAKHURST DAIRY and DAIRY    )<br>FARMERS OF AMERICA, INC.,      )<br>                                                          )<br>          *Defendants*                         ) | No. 2:14-cv-192-NT |

### *MEMORANDUM DECISION ON SCHEDULING*

In accordance with the terms of my Report of Hearing and Order re: Scheduling (ECF No. 22), the parties have submitted memoranda, docketed as cross-motions, addressing the issues upon which the defendants seek limited, phased discovery in order to bring an early motion for summary judgment and the plaintiffs' request for specific and immediate class-related discovery that they contend is necessary for them to address those issues. ECF Nos. 24 & 25.[1]  Treating the matter as a motion by the defendants for limited, phased discovery, I deny the motion. Also at issue is the defendants' motion to extend the time to respond to the plaintiffs' motion for conditional class certification (ECF No. 26). ECF No. 28. That motion is granted.

### I.   Background

The complaint sets out a putative class and collective action by former and current delivery drivers seeking to recover allegedly unpaid minimum wage and overtime compensation. First

---

[1] In their Joint Objection to Scheduling Order (ECF No. 18), the parties "jointly request[ed] that the discovery in this matter be phased and the deadline to complete Phase I Discovery be set at January 19, 201[5]," *id.*, but their subsequently-submitted memoranda evince a marked disagreement between them as to what "Phase I Discovery" should be.

Amended Class and Collective Action Complaint (ECF No. 17) at 1. The defendants propose moving for early summary judgment based on the grounds that the plaintiffs' state-law claims are preempted by the federal Motor Carrier Act ("MCA") and the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and that the plaintiffs are exempt from the overtime requirements of the federal Fair Labor Standards Act ("FLSA"). Defendants' Memorandum Regarding the Legal Bases for Their Anticipated Dispositive Motion(s) and Related Discovery Issues ("Defendants' Memorandum") (ECF No. 24) at 2-3.

The plaintiffs contend that the court should not entertain an early dispositive motion on these defenses because they will require "significant discovery, during which time the statute of limitations is not tolled[2] as to the overtime claims of the putative class members." Plaintiffs' Response to Defendants' Memorandum Regarding the Legal Bases for Their Anticipated Dispositive Motion(s) and Related Discovery Issues ("Plaintiffs' Memorandum") (ECF No. 25) at 1. They also assert that the defendants' arguments on the issues that they have identified are not likely to succeed. *Id.* at 5-9.

## II. Discussion

The usual sequence of events in a class-action or collective-action case in this court involves, after the court issues a scheduling order, a motion to certify the proposed class conditionally, ongoing filing of consents to join the collective action, discovery on all issues, and occasionally a motion to decertify the class; all interspersed with motions to dismiss and discovery disputes, before the filing of dispositive motions. A motion for conditional certification of the proposed collective action has already been filed by the plaintiffs in this case. ECF No. 26.

---

[2] The plaintiffs have not specified the length of the applicable limitations period and when it began to run.

2

The defendants' submissions do not establish beyond question that their anticipated motion for summary judgment will necessarily succeed. If it does not, there will have been a significant delay in the progress of the action. On the other hand, if, as the defendants assert, the dispositive issues that they intend to raise "are legal in nature" and "require little, or no, fact discovery[,]" Defendants' Memorandum at 2, then they may file notice of their intent to file such a dispositive motion, pursuant to Local Rule 56(h), without waiting for the close of the discovery period, and the case will proceed as would any other case in which an early motion for summary judgment is filed. The dispositive motion deadline, after all, does not prohibit any party from filing such a motion at any time before that date, even if waiting until the close of discovery is generally the better practice. *See, e.g.,* Fed. R. Civ. P. 56(d).

The defendants concede that "they will be asking for a good faith extension of the law" with respect to their argument that Maine's minimum wage and overtime laws are preempted by the federal Motor Carrier Act. *Id*. at 3. As the plaintiffs point out, Plaintiffs' Memorandum at 5-6, existing precedent largely rejects the defendants' position. *See, e.g., Keeley v. Loomis Fargo & Co.*, 11 F.Supp.2d 517, 520-21 (D.N.J. 1998) ("[E]very Circuit that has considered the issue has held that states may require employers to pay overtime wages to employees who are subject to the Motor Carrier Act and thus exempt under § 13(b)(1) of the FLSA."). And, with respect to the FAAAA, the First Circuit has observed fairly recently in a case in which the employer argued that state law was preempted by the Airline Deregulation Act, that "the Supreme Court would be unlikely . . . to free airlines [the employer in that case] . . . from prevailing wage laws . . . applicable to other businesses." *DiFiore v. American Airlines, Inc.*, 646 F.3d 81, 87 (1st Cir. 2011). *See also Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 649-50 (9th Cir. 2014) (FAAAA does not preempt

3

state meal and rest break laws applicable to delivery truck drivers); *Martins v. 3PD, Inc.*, Civil Action No. 11-11313-DPW, 2013 WL 1320454, at *12-*13 (D. Mass. Mar. 28, 2013) (same).

In addition, with respect to the defendants' other specified basis for a dispositive motion, that "*some* of the Plaintiffs are, or were, exempt under the FLSA's Outside Sales exemption," Defendants' Memorandum at 5 (emphasis added), by the very terms used by the defendants, if successful, such an argument would not be dispositive of the claims of all of the plaintiffs, and thus not dispositive of the action, negating any advantage to be gained from preventing discovery until the court rules on the motion.

As to the plaintiffs' request for immediate, class-related discovery opposed by the defendants, I decline the plaintiffs' request that the defendants "should be ordered to provide Plaintiffs forthwith with information identifying all putative class members, including their names, last known addresses, and last known telephone numbers." Plaintiffs' Memorandum at 1-2. Counsel for both sides should attempt to resolve this request by engaging in a good faith effort to do so. *See* Local Rule 26(b). If they cannot do so, after a good faith effort, they may return to the court with a request for specific relief in this regard. *Id*.

### III.    Conclusion

For the foregoing reasons, the defendants' motion for limited discovery and an early dispositive motion deadline is **DENIED**. The defendants' motion for an extension of time to respond to the plaintiffs' motion for conditional certification is **GRANTED**; the defendants shall file their response to that motion within 21 days hereof.

The clerk is directed to schedule a telephonic scheduling conference of counsel as soon as possible to discuss resetting pretrial deadlines in light of this Memorandum Decision.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 17th day of December, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge