*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *CHRISTOPHER O'CONNOR, et al.,* )<br>)<br>*Plaintiffs* )<br>)<br>*v.* )<br>*OAKHURST DAIRY and DAIRY* )<br>*FARMERS OF AMERICA, INC.,* )<br>)<br>*Defendants* ) | *No. 2:14-cv-192-NT* |

*RECOMMENDED DECISION ON CROSS-MOTIONS FOR PARTIAL SUMMARY
JUDGMENT*

In this action for unpaid overtime, the defendants move for summary judgment as to their affirmative defense on the plaintiffs' Maine law claims, which they call the "perishable foods exemption." ECF No. 94. The plaintiffs move for summary judgment as to the same affirmative defense, which they dub the "agricultural exemption." ECF No. 97. Both motions deal with the construction of 26 M.R.S.A. § 664(3)(F). The parties agree that their dispute raises a purely legal question.

For the reasons that follow, I recommend that the defendants' motion be granted and that of the plaintiffs denied.

## I.   Applicable Legal Standards

### A.   Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Johnson v. University of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting *Thompson v. Coca-*

1

*Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)).  "A fact is material if it has the potential of determining the outcome of the litigation."  *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Johnson,* 714 F.3d at 52.  Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (quoting *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (emphasis omitted)); Fed. R. Civ. P. 56(c).  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc.,* 328 F.3d 1, 6 (1st Cir. 2003). "[T]he court must mull each motion separately, drawing inferences against each movant in turn." *Id.* (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se.*  Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed.  As always, we resolve all

factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

### B. Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id.* The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id.* The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id.* The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id.*

Local Rule 56 directs that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not

specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II.  Factual Background

The parties' statements of material facts, credited to the extent that they are either admitted or supported by record citations in accordance with Local Rule 56, with disputes resolved in favor of the nonmovant, reveal the following.[1]

Oakhurst Dairy processes, bottles, stores, markets, and distributes milk and other dairy products from facilities in Portland, Waterville, Bangor, and Presque Isle, Maine.  Statement of Undisputed Material Facts ("Defendants' SMF"), included in Defendants' Motion and Incorporated Memorandum in Support of Their Motion for Partial Summary Judgment ("Defendants' Motion") (ECF No. 94), beginning at 2, ¶ 1; Plaintiffs' Opposing Statement of Material Facts in Support of Plaintiffs' Objection to Defendants' Motion for Partial Summary Judgment ("Plaintiffs' Responsive SMF") (ECF No. 103) ¶ 1.[2]  The named plaintiffs were, at all relevant times, employed as delivery drivers for Oakhurst Dairy, which is a subsidiary of Dairy

---

[1] Statements that are qualified are assumed to be admitted subject to that qualification, unless a qualification indicates otherwise.  To the extent that I have incorporated one side's qualification into the statement of the other, I have determined that the qualification is supported by the record citation(s) given.  I have omitted qualifications that are unsupported by the citation(s) given or are redundant.  To the extent that I have taken into consideration a denial of a statement, I have determined that the denial is supported by the citation(s) given.

[2] The plaintiffs correctly point out, Plaintiffs' Responsive SMF at 1 n.1, that the defendants' statement of material facts does not comply with the requirement of Local Rule 56(b) that the statement of material facts supporting a motion for summary judgment be submitted in a separate document.  The defendants' response, "the record reveals (and Plaintiffs have represented to the Court) that no material facts are in dispute[.]" Defendants' Reply in Further Support of Their Motion for Partial Summary Judgment ("Defendants' Reply") (ECF No. 105) at 1 n.1, does not address this failure to comply with the rule requiring a separate statement of undisputed material facts to accompany a motion for summary judgment.  Nevertheless, the plaintiffs have admitted each of the defendants' statements, Plaintiffs' Responsive SMF, so that nothing turns on the defendants' procedural misstep.

4

Farmers of America, Inc.  *Id.* ¶ 2.  The named plaintiffs' duties involved the distribution of

perishable foods, including milk, dairy, and other products to Oakhurst Dairy's customers. *Id.* ¶ 3.

Dairy Farmers, a cooperative with headquarters in Kansas City, Missouri, purchased

Oakhurst Dairy on or about January 31, 2014.  Plaintiffs' Separate Statement of Material Facts in

Support of Motion for Partial Summary Judgment ("Plaintiffs' SMF") (ECF No. 98) ¶3;

Defendants' Response to Plaintiffs' Separate Statement of Material Facts in Support of Motion for

Partial Summary Judgment ("Defendants' Responsive SMF") (ECF No. 101) ¶ 3.

## III.  Discussion

The statutory language at issue here is the following exemption from Maine's overtime

laws:

> 3. **Overtime rate.**  An employer may not require an employee to work more
> than 40 hours in any one week unless 1 1/2 times the regular hourly rate is paid for
> all hours actually worked in excess of 40 hours in that week.  The regular hourly
> rate includes all earnings, bonuses, commissions and other compensation that is
> paid or due based on actual work performed and does not include any sums
> excluded from the definition of "regular rate" under the Fair Labor Standards Act,
> 29 United States Code, Section 207(e).
>
> The overtime provision of this section does not apply to:
>
> * * *
>
> **F.**   The canning, processing, preserving, freezing, drying, marketing,
> storing, packing for shipment or distribution of:
> > (1) Agricultural produce;
> > (2) Meat and fish products; and
> > (3) Perishable foods.

26 M.R.S.A. § 664(3)(F) (footnote omitted).

The defendants contend that this language must be construed to exempt employees who

distribute perishable foods from Maine's overtime payment requirement.  Defendants' Motion at

5-7.  The plaintiffs take the opposite position, arguing that the statute only exempts individuals

engaged in packing agricultural or perishable products for distribution.  Plaintiffs' Motion for

Partial Summary Judgment on the State Law Agricultural Exemption ("Plaintiffs' Motion") (ECF No. 97) at 2-3.

A statute should be construed, if possible, to give effect to all of its provisions, rather than rendering some provision meaningless or surplusage. *E.g., Maine Ass'n of Retirees, Inc. v. Board of Trustees of Maine Pub. Employees Retirement Sys.*, 954 F.Supp.2d 38, 53-54 (D. Me. 2013); *Home Builders Ass'n of Maine, Inc. v. Town of Eliot*, 2000 ME 82, ¶ 7, 750 A.2d 566, 570.  If the statutory language is ambiguous, it should be construed to avoid an interpretation that leads to an absurd result plainly at odds with the intent of the legislature. *Winslow v. Commissioner, Maine Dep't of Human Servs.*, 795 F.Supp. 47, 50 (D. Me. 1992); *State v. Pelletier*, 673 A.2d 1327, 1331 (Me. 1996).

### A.  Plaintiffs' Motion

The plaintiffs begin by asserting that the defendants have "conceded" that the statutory language quoted above is ambiguous because "they admit that the 'absent comma [in subsection 3(F)] renders two facially plausible readings of the perishable foods exemption' and that 'the text of the statute could plausibly support either reading."  Plaintiff's Objection to Defendants' Motion for Partial Summary Judgment ("Plaintiffs' Opposition") (ECF No. 102) at 1.  I do not agree that the defendants have "conceded" ambiguity in the statutory language at issue, *see* Defendants' Motion at 2 ("Plaintiffs may argue that 26 M.R.S.A. § 664[(3)(F)] is facially ambiguous in its application to employees distributing perishable foods[.]"), but, even if they have, the plaintiffs' interpretation of the statutory language is at odds with the intent of the Maine Legislature, as expressed in the statutory language, because that interpretation is unreasonable and renders some of that language surplusage.

The plaintiffs contend that the statutory language regarding the final listed activity must be read "as one unit of meaning and not two[,]" that is to say that only employees who engage in "packing for shipment or [packing for] distribution" are exempt from the requirement that employers pay employees at 1.5 times their hourly rate for hours worked in excess of 40 in a given week. Plaintiffs' Motion for Partial Summary Judgment on the State Law Agricultural Exemption ("Plaintiffs' Motion") (ECF No. 97) at 2. They assert that it "is undisputed that Plaintiffs were engaged in the distribution of milk and other dairy products, but that they were not engaged in the packing of milk or any other product." *Id*. at 6.

As an initial matter, it is undisputed that the plaintiffs were engaged in the distribution of milk and other dairy products, Defendants' SMF ¶ 3; Plaintiffs' Responsive SMF ¶ 3, but whether they were engaged in packing any such products is a separate question. The plaintiffs include in their own statement of material facts the assertion that they engaged in the usual activities in which delivery drivers engage, and that Oakhurst employed "separate teams of 'loaders/shippers' and 'depot loaders.'" Plaintiffs' SMF ¶¶ 5, 7. The defendants object to these paragraphs of the plaintiffs' statement of material facts as "immaterial to Plaintiffs' Motion for Summary Judgment," Defendants' Response to Plaintiffs' Separate Statement of Material Facts in Support of Motion for Partial Summary Judgment ("Defendants' Responsive SMF") (ECF No. 101) ¶¶ 5, 7, which it is clear from the plaintiffs' argument is incorrect. That objection is overruled. The defendants then state, "[t]o the extent a response is required, it is controverted[] in part." *Id*. They provide no factual information in admissible form to support their specific denials of these paragraphs, which accordingly must be deemed admitted. Local Rule 56(f).

However, the fact that other employees may have been designated as "loaders/shippers" and "depot loaders" does not establish that the plaintiff drivers were not engaged in packing any

of Oakhurst's products.  The plaintiffs' argument relies on the factual assertion that they were not engaged in packing of any Oakhurst produced "for shipment or distribution."   On the evidentiary showing made, this court cannot adopt the plaintiffs' view of this "fact" for purposes of resolving the summary judgment motions, even with the representation of the plaintiffs' attorney at oral argument that both sides of this dispute knew that the plaintiffs' jobs involved nothing other than driving and unloading trucks.

## B.  Defendants' Motion

The analysis of the defendants' argument follows a different path.  The defendants contend that the statutory language must be construed to say that employees who pack Oakhurst's products for shipment *and* those employees who distribute those products are exempt from the requirement to pay overtime at the rate of 1.5 times the basic hourly rate of pay.  Defendants' Motion at 4-5. The parties' construction arguments turn on the meaning of the absence of a comma between the words "shipment" and "or" in subsection (3)(F).  The defendants have the better argument, even if the plaintiffs had submitted the missing evidence of a fact material to their proffered construction.[3]

The plaintiffs' reading would render the words "or distribution" surplusage.  There is no discernable difference, for the purposes of section 664, between "packing for shipment" and "packing for distribution."[4] The question is not whether there is a difference between "shipment"

---

[3] The plaintiffs rely on *Connelly v. Franklin Mem. Hosp.*, No. CV-91-458, 1993 Me.Super.LEXIS 243 (Androscoggin County), Plaintiff's Motion at 5, but, should the court reach the substance of the plaintiffs' motion, that decision is unpersuasive.  It asserts, citing only to a decision of the Ninth Circuit in 1990, that the "management" exemption from the statute's overtime payment requirements is to be "construed narrowly." *Id.* at *1.  Without any explanation of the reason why this is so, the opinion provides no guidance for construing other exemptions included in the statute.

[4] At oral argument, the plaintiffs' attorney suggested that packing for shipment would be packing for delivery by a third party, while packing for distribution would be packing for delivery by the defendant's own employees, and that, as a result, the method of packing would likely be different.  Since the purpose of the exemption for employees engaged in the production and distribution of perishable foods can only be to achieve the most efficient possible production and delivery given the nature of the product, the particular method of packing and materials used does not provide a sufficient distinction to support the plaintiffs' proposed construction of the exemption.

and "distribution" but rather whether there is a difference between packing for one of those purposes and packing for the other.  I note as well that both other series included in Section 664 lack a comma between the penultimate items in those lists and the "and" that connects the final item to the list:  "all earnings, bonuses, commissions and other compensation;" and "[a]utomobile mechanics, automobile parts clerks and automobile salesmen." 26 M.R.S.A. § 664(3).  In addition, if the statute were intended to be construed as the plaintiffs contend, there should be an "and" or an "or" before the word "packing."  The two other lists from the statute quoted above both contain such a conjunction.

Both sides of this dispute contend that the decision in *Thompson v. Shaw's Supermarkets, Inc.*, 2004 ME 63, 847 A.2d 406, supports their position, but neither is the case.  The Law Court in *Thompson* decided only whether interstate motor carriers were exempt from application of the overtime provisions of Section 644 by virtue of federal law, and it relied on the relevant interpretation of the statute by the Maine Department of Labor.  *Id*. ¶¶ 7, 9, 847 A.2d at 409-10.  Neither factor is present in the instant case.

More helpful is the statement of the Superior Court in the same case:

The plaintiffs have argued that the absence of a comma after "shipment" means that the exemption does not cover distribution, only the packing for distribution.  That argument is unpersuasive as the distribution of the named items is as essential as its canning, processing, preserving, freezing or drying and as it is not at all clear how packing for shipment would be different from packing for distribution.

*Thompson v. Shaw's Supermarkets, Inc.*, No. CIV.A. CV-02-036, 2002 WL 31045303, at *2 (Me. Super. Sept. 5, 2002).

At oral argument, counsel for the plaintiffs maintained that the Law Court's decision in the appeal from the Superior Court's ruling in *Thompson* necessarily rejected the language quoted

above when it said that the language of section 644 was ambiguous.  However, the Law Court did

not state that in its *Thompson* opinion.  All it said was that

> [t]he critical interpretive issue raised on this appeal, namely whether interstate
> motor carriers are exempt from the overtime provision [of section 644], cannot be
> resolved by examining the plain meaning of the statutory language.  Thus, we move
> on to extrinsic factors in order to determine legislative intent.

2004 ME 63, ¶ 7, 827 A.2d at 409.  This "critical interpretive issue" is unrelated to the question of

whether the last phrase of subsection 3(F) should be read to apply to packing for shipment and

packing for distribution or packing for shipment and distribution.[5]  Nor can it reasonably be read

to characterize the language at issue here as ambiguous.

The plaintiffs' interpretation of the final phrase of subsection 3(F) is also internally

inconsistent with the plain meaning of the rest of the subsection, which they do not challenge.

There is no apparent rational basis for exempting packers of perishable goods from the requirement

for overtime pay after 40 hours of work in a given week but not exempting the drivers who will

distribute the perishable goods once they have been packed.  The plaintiffs have not addressed this

apparent inconsistency inherent in their position.

If the plaintiffs were correct in their characterization of subsection 3(F) as ambiguous, they

contend that the Law Court's opinion in *Director of the Bureau of Labor Standards v. Cormier*,

527 A.2d 1297 (Me. 1987), requires this court to interpret the language of the subsection

"'liberally' in favor of employees."  Plaintiffs' Motion at 5.  I disagree.  The Law Court, while

addressing the concept of an "employer" under section 664, did state, as a general rule, that

---

[5] At oral argument, the plaintiffs' attorney also contended that the Law Court may consider and rule on any ruling
made by the Superior Court in the case from which the appeal is taken, even if the appealing party does not raise that
ruling as an issue on appeal.  However, the Law Court's uniform practice over the years is otherwise.  *See, e.g., C.E.W.
v. D.E.W*, 2004 ME 43, ¶13, 845 A.2d 1146, 1151; *In re John Joseph V.*, 500 A.2d 628, 630 (Me. 1985).  If the issue
presented by the instant motions was not presented to the Law Court by the appellant's brief in *Thompson*, the Law
Court did not decide the issue.

"[r]emedial statutes should be liberally construed to further the beneficent purposes for which they are enacted." *Id.* at 1300.  However, it did not speak to interpreting statutory language "in favor of employees" when it determined that considering several entities owned by the same individuals operating at the same location as a single employer "effectuates the remedial purposes of that statute." *Id.*  The directive to construe a statute "liberally" must terminate at the point at which the proposed construction would become unreasonable, internally inconsistent, or lead to a result inconsistent with the obvious intent of the statute as a whole.

The plaintiffs also contend that this court held in *Bolduc v. National Semiconductor Corp.*, 35 F.Supp.2d 106, 114 (D. Me. 1998), that "all statutory exemptions to the minimum wage and overtime laws [, both state and federal] 'are to be narrowly construed against the employers seeking to assert them and their application . . . limited to those [subjects] plainly and unmistakably within their terms and spirit.'"  Plaintiffs' Motion at 5.  In *Bolduc*, the language quoted by the plaintiffs applies only to a claim based on the federal Fair Labor Standards Act.  35 F.Supp.2d at 114.  While the court noted that "it is appropriate to look to the FLSA and case law applying its professional exemption for guidance in applying the exemption contained in 26 M.R.S.A. § 663(K)[,]" *id.* at 116, it held that a genuine issue of material fact existed, based on the evidentiary materials presented in support of the motion for summary judgment in that case, and did not address the issue further.  In any event, even if narrowly construed against the defendant in this case, subsection 3(F) cannot reasonably be interpreted as the plaintiffs suggest, for the reasons already stated.

This conclusion makes it unnecessary to discuss the parties' further arguments based upon subsequently-enacted federal and state statutes concerning compensation for truck drivers in general.  It is a long-observed legal principle, in any case, that specific statutes prevail over those

11

cast in general terms.  *E.g., Harry C. Crooker & Sons, Inc. v. Occupational Safety & Health Review Comm'n*, 537 F.3d 79, 84 (1st Cir. 2008); *Oliver Stores v. JCB, Inc.*, No. 1:11-cv-353-NT, 2012 WL 4755378, at *4 (D. Me. Oct. 5, 2012).  The court should also decline to address the plaintiffs' speculation about the possible effect of a ruling in favor of the defendant in this case on all other businesses which might involve the delivery of "perishable foods," a term that is not defined in section 644.  There is no dispute in the instant case that the defendants' products are perishable foods.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the defendants' motion for partial summary judgment on the plaintiffs' Maine law claims and **DENY** that of the plaintiffs.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of January, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge