EXHIBIT 1

United States District Court
District Of Maine

| | |
|---|---|
| Christopher O'Connor, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:14-00192-NT |
| ) | |
| Oakhurst Dairy, *et al.* ) | |
| ) | |
| Defendants. ) | |

**Third Amended Class Action Complaint
And Demand for Jury Trial**

Plaintiffs, Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally, on behalf of themselves and all others similarly situated, complain of Defendant Oakhurst Dairy and Dairy Farmers of America, Inc., (jointly referred to as Oakhurst for the period of time after Oakhurst became a wholly-owned subsidiary of Dairy Farmers of America), as follows:

I.   Introduction

This is an action brought by former and current delivery drivers of Oakhurst Dairy ("Oakhurst"), pursuant to the Maine Minimum Wage and Overtime Law, 26 M.R.S. §§ 661 *et seq*, to recover unpaid minimum wage and overtime compensation. Plaintiffs Christopher O'Connor, Kevin

O'Connor, James Adam Cox, Michael Fraser, and Robert McNally (collectively, "Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated to them who were formerly or are currently employed as delivery drivers by Oakhurst in the State of Maine.

## II. Jurisdiction And Venue

1. This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d), because the aggregate amount in controversy for the putative class exceeds $5,000,000; at least one plaintiff is a citizen of a different state than at least one defendant; and the aggregate number of proposed class members is 100 or more.

2. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because Plaintiffs brought claims under the federal FLSA, 29 U.S.C. § 201 *et seq.*, over which the Court exercised federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue properly lies in this Court under 28 U.S.C. § 1391 because the Defendant Oakhurst maintains a place of business in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## III. Jury Demand

4. Plaintiffs demand trial by jury of all claims to the extent permitted by law.

## IV. Parties

### Plaintiff Christopher O'Connor

5. Plaintiff Christopher O'Connor is a citizen of the United States and a resident of Brunswick, Maine.

6. From approximately 2003 until 2015, Plaintiff Christopher O'Connor ("C. O'Connor") was employed by Defendant Oakhurst as a delivery driver based in Portland, Maine.

7. C. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

8. During his employment with Oakhurst, C. O'Connor regularly worked in excess of forty (40) hours in a work week.

9. During his employment with Oakhurst, C. O'Connor was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

10. During his employment with Oakhurst, C. O'Connor was not been paid at a rate "reasonably equivalent" to at least one and one-half

times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff Kevin O'Connor

11. Plaintiff Kevin O'Connor is a citizen of the United States and a resident of Winslow, Maine.

12. From about September 2005 until August 26, 2009, Plaintiff Kevin O'Connor ("K. O'Connor") was employed by Defendant Oakhurst as a delivery driver based primarily in Waterville, Maine.

13. K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

14. During his employment with Oakhurst, K. O'Connor regularly worked in excess of forty (40) hours in a work week.

15. During his employment with Oakhurst, K. O'Connor was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

16. During his employment with Oakhurst, K. O'Connor was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff James Adam Cox

17.    Plaintiff James Adam Cox is a citizen of the United States and a resident of Woolwich, Maine.

18.    From about May 2009 until July 20, 2011, Plaintiff James Adam Cox ("Cox") was employed by Defendant Oakhurst as a delivery driver based primarily in Portland, Maine.

19.    Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

20.    During his employment with Oakhurst, Cox regularly worked in excess of forty (40) hours in a work week.

21.    During his employment with Oakhurst, Cox was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

22.    During his employment with Oakhurst, Cox was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff Michael Fraser

23.    Plaintiff Michael Fraser is a citizen of the United States and a resident of Holden, Maine.

24. From approximately November 2009 until February 2012, Plaintiff Michael Fraser ("Fraser") was employed by Defendant Oakhurst as a delivery driver based in Bangor, Maine.

25. Fraser was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

26. During his employment with Oakhurst, Fraser regularly worked in excess of forty (40) hours in a work week.

27. During his employment with Oakhurst, Fraser was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

28. During his employment with Oakhurst, Fraser was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff Robert McNally

29. Plaintiff Robert McNally is a citizen of the United States and a resident of Bangor, Maine.

30. From approximately January 2002 until August 2012, Plaintiff Robert McNally ("McNally") was employed by Defendant Oakhurst as a delivery driver based in Bangor, Maine.

31.  McNally was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

32.  During his employment with Oakhurst, McNally regularly worked in excess of forty (40) hours in a work week.

33.  During his employment with Oakhurst, McNally was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

34.  During his employment with Oakhurst, McNally was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

35.  The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. Plaintiffs seek certification of a class action under Rule 23 of the Federal Rules of Civil Procedure.

### Defendants Oakhurst and Dairy Farmers of America, Inc.

36.  Defendant Oakhurst is a Maine company. Until January 2014, Oakhurst had its headquarters in Portland, Maine. On or about January 31, 2014, Oakhurst was purchased by Dairy Farmers of America,

Inc., a national cooperative. As part of this purchase, Defendant Oakhurst became a wholly-owned subsidiary of Dairy Farmers of America, Inc.

37. Defendant Dairy Farmers of America, Inc. is a cooperative headquartered in Kansas City, Missouri. On or about January 31, 2014, Dairy Farmers of America, Inc. purchased Oakhurst.

38. Defendant Oakhurst bottles milk and produces other dairy products from a facility in Portland, Maine. Milk, dairy, water, and other products are distributed by delivery drivers from Oakhurst facilities within the State of Maine in Portland, Waterville, Bangor, and Presque Isle.

39. Defendant Oakhurst is subject to the requirements of the Maine Minimum Wage and Overtime Law.

40. Defendant Oakhurst is subject to the requirements of the Maine Minimum Wage and Overtime Law, 26 M.R.S. §§661 *et seq.* because it suffered or permitted Plaintiffs to work as defined by 26 M.R.S. § 663(2).

### V. General Factual Allegations

41. Defendant Oakhurst holds itself out to be the "only truly local major dairy" in Northern New England and purveyor of the "Natural Goodness of Maine."

42. At all relevant times, Plaintiffs were employed as delivery drivers for Oakhurst based in the State of Maine.

43. Oakhurst designates its delivery drivers by the job title "Route Sales Driver." The so-called "Route Sales Drivers" do not solicit sales, although a small minority of Oakhurst customers did request to have the Drivers assess their inventory and order the products needed to replenish stock.

44. As Route Sales Drivers based in Maine, Plaintiffs' regular job duties consist of picking up loaded trucks from one of Oakhurst's facilities, driving the trucks loaded with milk, water, and other products to Oakhurst's retail customers, assisting with unloading the products at the sites of Oakhurst customers, and driving the empty trucks back to the original facility where the route was initiated.

45. Route Sales Drivers regularly worked in excess of forty (40) hours in a work week.

46. Oakhurst paid Route Sales Drivers a flat weekly "salary" regardless of how many hours they worked or miles they drove. If Route Sales Drivers worked a sixth day within a given work week, they received an additional lump sum, which was calculated as a percentage of the employee's "salary."

47. At any given time, Oakhurst employs approximately 50 Route Sales Drivers.

9

48. Route Sales Drivers were not compensated at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week.

49. Route Sales Drivers were not paid an amount of overtime pay "reasonably equivalent" to that required by the Maine Minimum Wage and Overtime Law, 26 M.R.S. §664, one and one-half times their regular rate of pay for hours worked over forty (40) per week.

## Class Allegations

50. The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. Plaintiffs seek certification of a class action under Rule 23 of the Federal Rules of Civil Procedure.

## Maine Class Action Allegations

51. Plaintiffs seek to bring a class action for unpaid overtime in violation of the Maine Minimum Wage and Overtime Law. For purposes of Plaintiffs' allegations under the Maine Minimum Wage and Overtime Law, Plaintiffs seek to represent a class consisting of all persons who were employed by Oakhurst as Route Sales Drivers at any time between May 5, 2008 and August 30, 2012.

52. The class described above is sufficiently numerous such that joinder of all persons in the class is impracticable, as required by Fed. R. Civ. P. 23(a)(1).

53. As required by Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the class, including but not limited to:

a) the nature of the job duties and responsibilities of Route Salesmen;

b) the manner in which Oakhurst compensated Route Sales Drivers for the work they performed;

c) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 M.R.S. 664(3), by failing to pay its Route Sales Drivers at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week;

d) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 M.R.S. 664(3)(H) (eff. Sept. 1, 2003, repealed eff. August 30, 2012) ("Former Section 664(3)(H)"), by failing to pay its Route Sales Drivers an amount of overtime "reasonably equivalent" to that required by 26 M.R.S. §664 for hours worked over forty (40) per week;

54. As required by Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the class they seek to represent.

55. Plaintiffs and their counsel will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).

56. Under Fed. R. Civ. P. 23(b)(1)(A), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the class.

57. Under Fed. R. Civ. P. 23(b)(1)(B), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, substantially impair or impede their ability to protect their interests.

58. Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Maintenance of this action as a class action will promote the efficient administration of justice by obviating the need of numerous individual members to commence their own action.

60. Maintenance of this action as a class action will promote the equitable administration of justice since many individual members may not have the resources to independently retain counsel and pursuing claims on an individual basis would be disproportionately expensive.

61. Maintenance of this action as a class action is unlikely to impose burdens upon the Court other than those which would be encountered if the action were to proceed as an individual action on behalf of Plaintiffs.

62. The aggregate number of proposed class members is 100 or more. During the proposed Rule 23 class period of May 5, 2008 through August 30, 2012, Oakhurst employed well over 100 Route Sales Drivers similarly situated to Plaintiffs to deliver milk, water, and other products to its customers.

63. The aggregate amount in controversy exceeds $5,000,000. Plaintiffs calculate the unpaid overtime wages and liquidated treble damage penalties owed to the class for the proposed class period of May 5, 2008 through August 30, 2012 to be about $15,000,000. Plaintiffs calculate the aggregate unpaid overtime wages and liquidated double damages owed to the class to be about $10,000,000. Plaintiffs further calculate that pre-judgment interest is owed at a rate of about $1,000,000 per annum.

VI.   Causes Of Action

Count I

[Intentionally Omitted]

Count II

(Failure to Pay Overtime In Violation of Maine
Minimum Wage and Overtime Law, 26 M.R.S. § 664)

64.   Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

65.   From September 2, 2003 until August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements to the extent that they were exempt under federal law, but still mandated that those drivers be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S. § 664, one and one-half times the regular rate of pay for hours worked in excess of forty (40) per work week. See 26 M.R.S. § 664(3)(H) (eff. Sept. 1, 2003; repealed eff. August 30, 2012) ("Former Section 664(3)(H)"); 12-170 Code of Maine Regulations Ch. 14, section III (Department of Labor regulations promulgated pursuant to Former Section 664(3)(H)). Following legislative amendments, effective August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements, but

14

still only to the extent that drivers were exempt under federal law. See 26 M.R.S. § 664(3)(K) (eff. August 30, 2012).

66. At all material times during the putative class period, Route Salesman were covered, non-exempt employees of Oakhurst within the meaning of Maine law.

67. Route Sales Drivers were not exempt from the overtime requirements of the Maine Minimum Wage and Overtime Law pursuant to 26 M.R.S. § 664(3)(K) or Former Section 664(3)(H) during the putative class period.

68. By its actions alleged above, Defendant Oakhurst violated during the putative class period the provisions of the Maine Minimum Wage and Overtime Law, 26 M.R.S. § 664(3), which requires overtime compensation for non-exempt employees.

69. By its actions alleged above, Defendant Oakhurst violated during the putative class period the provisions of Former Section 664(3)(H), which required that Route Sales Drivers be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S. § 664.

70. As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## Count III

### (Failure to Pay Overtime In Violation of Maine Employment Practices Act, 26 M.R.S. §§ 621-A, 626, 626-A)

71. Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

72. Federal and state overtime statutes are incorporated into any verbal or written employment agreement and replace any illegal wage term by operation of law.

73. Defendants failed to make full and timely payment at regular intervals to Route Sales Drivers of all wages, including overtime compensation, in violation of 26 M.R.S. § 621-A.

74. Defendant Oakhurst failed to pay Route Sales Drivers all wages in full, including overtime compensation, upon cessation of employment, in violation of 26 M.R.S. § 626.

75. Plaintiffs, on behalf of themselves and similarly situated employees, have made multiple demands to Defendant Oakhurst for payment of unpaid overtime wages and Defendant has not paid them within eight days of demand.

76. Plaintiffs and all persons similarly situated to them are entitled under 26 M.R.S. § 626-A to recover their unpaid overtime wages

and an amount equal to twice the amount of their unpaid overtime wages, a reasonable rate of interest, costs of suit, and reasonable attorney's fees.

## VII. Prayer For Relief

WHEREFORE, Plaintiffs request that this Court order the following relief:

77. Enter an order certifying Plaintiffs and all employees similarly situated to them as a class under Rule 23 of the Federal Rules of Civil Procedure for violations of the Maine Minimum Wage and Overtime Law.

78. Order Defendant Oakhurst to pay all damages to which the named Plaintiffs and class members may be entitled, including unpaid overtime compensation, compensatory liquidated double damages under 26 M.R.S § 670, treble damage penalties under 26 M.R.S. § 626-A, and pre- and post-judgment interest.

79. Order Defendant Oakhurst to pay costs and reasonable attorneys' fees and litigation expenses.

80. Award such additional relief as the Court deems appropriate.

Date: June 26, 2017	Respectfully submitted,


         */s/ Jeffrey Neil Young*
         Jeffrey Neil Young

         */s/ David G. Webbert*
         David G. Webbert

         */s/ Carol J. Garvan*
         Carol J. Garvan

         Jeffrey Neil Young
         David G. Webbert
         Carol J. Garvan
         Johnson, Webbert & Young, LLP
         160 Capitol St., Suite 3
         Augusta, ME 04332
         Telephone:  (207) 623-5110
         Email:  jyoung@johnsonwebbert.com
         Email:  dwebbert@johnsonwebbert.com
         Email:  cgarvan@johnsonwebbert.com
         *Attorneys for Plaintiffs*

## Certificate of Service

I, David G. Webbert, hereby certify that on June 26, 2017, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David G. Webbert*
David G. Webbert
