UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER O'CONNOR, KEVIN O'CONNOR, JAMES ADAM COX, MICHAEL FRASER, and ROBERT McNALLY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:14-cv-00192-NT |
| v. | ) ) ) | |
| OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA, INC., | ) ) ) | |
| Defendants. | ) ) | |

JOINT MOTION FOR
PRELIMINARY REVIEW OF PROPOSED CLASS SETTLEMENT
AND FOR ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS,
DIRECTING DISTRIBUTION OF CLASS NOTICE,
SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT, AND
APPOINTING SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES

The parties respectfully move, under Federal Rule of Civil Procedure 23, that the Court conduct a preliminary review of their proposed class settlement,[1] and issue an Order preliminarily certifying the Action as a Rule 23(b)(3) class action for settlement purposes, directing distribution of notice, setting a hearing date for final approval of the Settlement, and appointing Plaintiffs' Counsel as class counsel.

I.    PRELIMINARY STATEMENT

During multiple days of mediation with an experienced mediator and ultimately a Judicial Settlement Officer of  this Court, the parties negotiated at arm's length and achieved the Settlement of claims made in this Action brought by the Named Plaintiffs on their own behalf, and on behalf of the Settlement Class. The Settlement falls within the range of possible (if not

---

[1] This Motion incorporates by reference the definitions of the capitalized terms as set forth in the Settlement Agreement attached as Exhibit 1.

probable) final approval. Considering the risks of proceeding through trial, including pending motions and additional contemplated summary judgment proceedings regarding complex issues of state law, the Settlement represents a good resolution of a vigorously litigated case. Furthermore, counsel for the parties conducted fulsome investigations of the legal and factual claims and defenses at issue in this Action. Although the parties believe in the merits of their respective claims and defenses, they also recognize they would face substantial challenges regarding matters of proof involving liability and damages in this Action. Furthermore, the parties and their counsel recognize that any outcome could be appealed, putting them at risk, or otherwise delaying resolution. Consequently, the parties have concluded the Settlement is fair and reasonable and is in the parties' best interests.

After years of contested litigation, including extensive motion practice and discovery, and with the assistance of Mark Irvings and the Honorable John Nivison, the parties reached a compromise.  Moreover, each of the Named Plaintiffs was deposed, and information about the Settlement Class's wages and hours worked were produced and carefully analyzed.

Under the Settlement Agreement, Defendants shall pay into a Global Settlement Fund the amount of $5,000,000.00, plus an additional amount estimated to be necessary to cover the employer share of wage-related taxes for payments under the Settlement Agreement. The Global Settlement Fund shall be administered by a third-party selected by Named Plaintiffs, and the Settlement Administrator shall estimate the wage-related taxes, distribute notice to Settlement Class Members, and otherwise administer the Settlement, including receiving and reporting on any opt-out or objection notices. Plaintiffs' Counsel will apply to the Court for an order approving payment of their fees for prosecuting the Action, not to exceed 33 1/3% of $5,000,000.00, as well as costs and expenses incurred on behalf of the Settlement Class. The

Settlement Administrator's fees, and Service Awards payable to the Named Plaintiffs not to exceed the aggregate amount of $50,000 (if approved by the Court), will also be paid from the Global Settlement Fund.

With allowances for the foregoing payments, the Global Settlement Fund will be allocated to the Settlement Class Members. Each Settlement Class Member will be allocated an initial minimum settlement amount of the Net Settlement Fund according to the following formula determined by the Named Plaintiffs:  The "Individual Overtime Owed" multiplied by the "Recovery Percentage," except that each Settlement Class Member will be entitled to a minimum of $100.

- The "Individual Overtime Owed" to each Settlement Class Member is calculated as the hours worked over forty per week by the Settlement Class Member for each week between May 5, 2008 and August 29, 2012, multiplied by 1.5 times the Settlement Class Member's regular rate of pay. The "hours worked" for each Settlement Class Member is based on Defendants' daily scan-in/scan-out time records for each Settlement Class Member, except that when a Settlement Class Member received a non-zero paycheck for compensable work in a given workweek but Defendants did not produce time records for that week, the class-wide average weekly overtime pay is imputed for that week. The "regular rate of pay" for each Settlement Class Member is an hourly rate of pay based on Defendants' weekly pay records and daily time records for the Settlement Class Member.

- The "Recovery Percentage" is calculated as the "Net Settlement Fund" divided by the total "Individual Overtime Owed" to all Settlement Class Members as calculated above.

As set forth in the Settlement Agreement, any such amounts will be recalculated and increased as necessary to account for Settlement Class Members who, despite the Settlement Administrator's due diligence, cannot be located, or who do not timely negotiate any checks submitted to Settlement Class Members. Settlement Class Members will be given 60 days to opt-out or object to the Settlement by means specified in the Notice. If 7.5% or more of the Settlement Class Members opt out of, or revoke participation in, the Settlement, Defendants shall have the right to rescind the Settlement and the Settlement Agreement, which upon such rescission will be deemed null and void. Attached as Exhibit A to the Settlement Agreement is a proposed Notice of Settlement.

## II.    ARGUMENT

### A.    The Proposed Settlement Of The Action Should Be Preliminarily Reviewed.

Federal Rule of Civil Procedure 23(e) provides the following framework for the approval required before a class action settles: (1) the court must direct notice in a reasonable manner to all class members who would be bound by the proposed settlement; (2) the court may approve a settlement that would bind class members only after a hearing and finding that it is "fair, reasonable, and adequate;" (3) the parties seeking approval must file a statement identifying any agreement made in connection with the proposal; (4) if the class action was previously certified under Rule 23(b)(3), the court may refuse approval of a proposed settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to opt out but did not do so; and (5) any class member may object to the proposed settlement if it

requires approval under Rule 23(e) and such objection may be withdrawn only with the court's

approval.  Fed. R. Civ. P. 23(e).

"Court approval of a Rule 23 class action settlement generally proceeds in two stages."

*Michaud v. Monro Muffler Brake, Inc.*, 2:12-cv-00353-NT, 2015 U.S. Dist. LEXIS 32526, at

*23-24, 2015 WL 1206490, at*8 (D. Me. March 17, 2015) (citing *Manual for Complex

Litigation* (Fourth) § 21.632 (2011)). "First, counsel submits the terms of the proposed

settlement, and the court makes a preliminary determination on the fairness, reasonableness, and

adequacy of the settlement terms and directs notice to class members on the certification,

proposed settlement, and date of the final fairness hearing." *Id.* (internal punctuation and citation

omitted). The court should be guided by the "strong judicial policy favoring settlement as well as

by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737

F.2d 982, 986 (11th Cir. 1984). "Generally, courts have recognized a presumption of fairness for

settlements that are deemed to be the result of arm's-length negotiations following meaningful or

sufficient discovery." *Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d 34, 44-45 (D. Me.

2005)(internal quotations omitted); *see also In re Pharm. Indus. Average Wholesale Price Litig.*,

588 F.3d 24, 32-33 (1st Cir. 2009); *Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters

Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). "[P]olicy encourages settlements." *Id.* at

44.

"At this initial stage, the court's role is limited to deciding whether the proposed

settlement appears to fall within the range of possible final approval." *Michaud*, 2015 WL

1206490 at *8. (internal punctuation and citation omitted). If the court finds the settlement meets

that standard, notice of the proposed settlement is ordered distributed to the class members. *Id.* at

9. Notice must be "reasonably calculated to reach the class members and inform them of the

existence of and the opportunity to object to the settlement." *Id.* at \*10 (quoting *Nilsen v. York Cnty.*, 382 F. Supp. 2d 206, 210 (D. Maine 2005).

Second, following notice to the class, "the court holds a fairness hearing where the settlement proponents must demonstrate that the proposed settlement is fair, reasonable, and adequate." *Michaud*, 2015 WL 1206490, at \*8 (internal punctuation and citation omitted). "Typically, a court's final approval of a class action settlement involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Id.* (internal punctuation and citation omitted). "The following factors are relevant for a court evaluating whether to approve a Rule 23 settlement: (1) comparison of the proposed settlement with the likely result of litigation; (2) stage of the litigation and the amount of discovery completed; (3) reaction of the class to the settlement; (4) quality of counsel; (5) conduct of the negotiations; (6) prospects of the case, including risk, complexity, expense and duration." *Id.* (internal quotation omitted).

Because the proposed settlement falls within the range of possible final approval, the Court should direct notice of the proposed settlement to the Settlement Class Members. In particular, the Settlement was, with the assistance of a highly respected mediator and a Judicial Settlement Officer from this Court, negotiated at arm's length by qualified counsel. Moreover, the Settlement falls within a possible, if not probable, range of outcomes as determined by the parties' counsel after significant formal and informal discovery, as well as fiercely contested litigation. Accordingly, the Settlement is undeniably "fair, reasonable, and adequate" and appropriately reflects the risks and costs of further litigation. *See Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000) ("When the parties' attorneys are experienced and knowledgeable about

6

the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight.").

At the hearing preceding final approval, Settlement Class Members who have timely submitted notices regarding objections to the Settlement may have an opportunity to be heard. After considering any such objections, and the arguments and evidence submitted by proponents of the Settlement, the Court may consider the matter and determine whether to grant final approval.

###### B.      The Action Should Be Certified Under Rule 23 For Settlement Purposes.

An action can be settled as a class action that binds absent class members only if it is first certified as a class action under Rule 23. *See* Fed. R. Civ. P. 23. Certification of an action requires that it meet the requirements of Rule 23(a) and one of the types of class actions described in Rule 23(b) for settlement purposes. *Id.*; *Michaud*, 2015 WL 1206490 at \*2. This Action satisfies the requirements of Rule 23 such that it may be certified for settlement purposes.[2]

Rule 23(a) requires the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The "numerosity" requirement does not mandate any strict numerical cutoff for class certification. *Michaud*, 2015 WL 1206490 at \*2. Furthermore, "impracticability does not mean

---

[2] Defendants note they have objected to class certification. However, for the sole purpose of facilitating settlement, Defendants do not contest the Named Plaintiffs' arguments for class certification as summarized herein, and, if the Settlement is not, for any reason, finalized, Defendants reserve the right to subsequently contest the propriety of certification.

impossibility, but only the difficulty or inconvenience of joining all members of the class." *Id.* (internal punctuation and citation omitted). Courts in the First Circuit "have generally found that a class of 40 or more individuals satisfies the numerosity requirement." *Id*. This requirement may be loosened "where a class contains employees suing their present employer . . . because class members may be unwilling to sue their employer out of fear of retaliation." *Id*. (internal punctuation and citation omitted). This case thus easily satisfies the numerosity requirement, as there are about 127 Putative Class members, some of whom remain employed by a Defendant. *Id*.

The "commonality" element requires the Putative Class members' claims "must depend upon a common contention" and one "that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 3 (quoting *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011)). Named Plaintiffs' common claim that Defendants failed to pay overtime to them and the Putative Class members for each hour worked over 40 in a week is central to all Settlement Class Members' claims.

The "typicality" requirement "is satisfied when the representative plaintiff's injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *Michaud*, 2015 WL 1206490 at *3 (internal quotation omitted). Named Plaintiffs, like the other Settlement Class Members, claim to have been injured by not receiving overtime they were owed.

The adequacy requirement "serves to uncover conflicts of interest between the named parties and the class they seek to represent." *Id.* at 4 (internal quotation omitted). "Here, the

interests of the named plaintiffs align with the members of the class[] they seek to represent" in the settlement class. *Id*.

Rule 23(b)(3) requires that questions or facts common to class members predominate over questions only affecting individual Settlement Class Members. Fed. R. Civ. P. 23(b)(3). Moreover, a class action must be "superior to other available methods for fairly, and efficiently, adjudicating the controversy," considering: "(A) the class members' interests in individually controlling the prosecution . . . of separate actions; (B) the extent . . . of any litigation concerning the controversy already begun by . . . class members; [and] (C) the desirability . . . of concentrating the litigation in the particular forum.³. *Id*. Common questions predominate here because all claims arise from the same practice of treating Settlement Class Members as if they were not eligible for overtime. *See Michaud*, 2015 WL 1206490 at *4. Although damage awards could have varied due to, among other things, the amount of overtime worked, individualized damages determinations are not predominance-defeating, particularly when they can be resolved with payroll records. *Id*. The superiority requirement is met because the class action will resolve all claims in a single proceeding in a forum already familiar with the facts and theories of the case, there are no pending individual suits, and there is no indication in the record that Settlement Class Members are interested in bringing separate actions. *Id*. at 5.

C.      **The Proposed Notice of Settlement Should Be Approved.**

Rule 23(c) requires that the "best notice that is practicable under the circumstances" must be sent to the Settlement Class Members. The notice must inform them: of the nature of the action; the definition of the certified class; the class's claims; that notice recipients may enter an

---

³ For purposes of a certification of a settlement class, the Court need not consider the Rule 23(b)(3)(D) factor of the likely difficulties in managing a class action because there are no trial management issues to consider. *Curtis v. Scholarship Storage*, No. 2:14-cv-303-NT, 2016 U.S. Dist. LEXIS 9001 at * 8 n.1 (D. Me. January 25, 2016) (citation omitted).

appearance through an attorney; that the Court will exclude any member who opts out; the time and manner for requesting exclusion; and of the binding effect of a class-wide judgment. In the context of class action settlements, Rule 23(e) also requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal" for settlement, dismissal, or compromise. Any such notice must be "reasonably calculated to reach the class members and inform them of the existence of and the opportunity to object to the settlement." *Michaud*, 2015 WL 1206490 at \*10 (internal punctuation and citation omitted).

The proposed Notice of Settlement accomplishes all these requirements. In particular, it defines the Settlement Class; clearly describes the options available to Settlement Class Members (*i.e.*, to object, participate, or opt out) and the deadlines for taking any related actions; describes the material terms of the Settlement; discloses any special benefits provided to the class representatives (*i.e.*, Service Awards); provides information about Plaintiffs' counsel and the requested attorneys' fees; indicates the time and place of the hearing to consider final approval of the Settlement; explains the procedures for allocating and distributing the Net Settlement fund; estimates each Settlement Class Member's allocation of the Net Settlement Fund; prominently displays the Settlement Administrator's phone number; and explains how to make inquiries about the Settlement.

Because the proposed Notice of Settlement meets the articulated legal standard, it should be approved for distribution to the Settlement Class.

**D.      Named Plaintiffs' Counsel Should Be Appointed Class Counsel.**

Rule 23(g)(2)(4) directs the Court to appoint counsel who will "fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g). Per the Rule, when appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating

potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* The court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

Named Plaintiffs' counsel Jeffrey Neil Young, David Webbert, and Carol Garvan are experienced in class litigation, have committed substantial time and resources to this Action, and should be appointed, for purposes of the Settlement, as class counsel. *See* Docs. 164-10, 167, 168. Furthermore, the Named Plaintiffs should be designated as class representatives.

### E.      A Final Fairness Hearing Should Be Scheduled.

If the court certifies the Named Plaintiffs' claims as a class action for purposes of effectuating the parties' Settlement and approves the proposed notice of settlement, the parties respectfully ask the Court to schedule, no earlier than 90 days from the date of the order directing notice to the Settlement Class Members, a hearing to determine if the Settlement should be finally approved.

## III.      CONCLUSION

For all of these reasons, the parties respectfully ask the Court to certify, for settlement purposes, the Named Plaintiffs' claims as a class action, direct Notice of the proposed Settlement to the Settlement Class Members, and grant the further relief as requested.

Date: February 8, 2018                         Respectfully submitted,


/s/ David G. Webbert                           /s/ Frederick B. Finberg
Jeffrey Neil Young                             Frederick B. Finberg, Esquire
David G. Webbert                               THE BENNETT LAW FIRM, P.A.
Carol J. Garvan                                121 Middle Street, Suite 300
JOHNSON, WEBBERT & YOUNG, LLP                  Portland, ME  04101
160 Capitol St., Suite 3                       (207) 773-4775
Augusta, ME 04332                              rfinberg@thebennettlawfirm.com
Tel:  (207) 623-5110
jyoung@johnsonwebbert.com
dwebbert@johnsonwebbert.com                    and
cgarvan@johnsonwebbert.com

                                               Patrick F. Hulla *(pro hac vice)*
*Attorneys for Plaintiffs*                     OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.
                                               4520 Main Street, Suite 400
                                               Kansas City, MO 64111
                                               Telephone: 816.471.1301
                                               Facsimile: 816.471.1303
                                               pat.hulla@ogletreedeakins.com
                                               jennifer.oldvader@ogletreedeakins.com


                                               and


                                               Danielle Y. Vanderzanden, #9757
                                               OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.
                                               One Boston Place, Suite 3220
                                               Boston, MA 02108
                                               Telephone: 617.994.5700
                                               Fax: 617.994.5701
                                               dani.vanderzanden@ogletreedeakins.com


                                               *Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on February 8, 2018 I electronically filed this document with

attachments with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to all counsel of record.

/s/ David G. Webbert
David G. Webbert