**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **CHRISTOPHER O'CONNOR, KEVIN O'CONNOR, JAMES ADAM COX, MICHAEL FRASER, and ROBERT McNALLY, on behalf of themselves and all others similarly situated,** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, )<br>) | **Case No. 2:14-cv-00192-NT** |
| v. )<br>) | |
| **OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA, INC.,** )<br>)<br>) | |
| Defendants. ) | |

**[PROPOSED]**
**ORDER AUTHORIZING NOTICE TO CLASS**
**AND ESTABLISHING SCHEDULE FOR FURTHER ACTION**

Before the Court is the parties' Joint Motion for preliminary review of their proposed class settlement and for an Order Preliminarily Approving Class Settlement, Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives. To ensure proper notice is provided to class members in accordance with due process requirements; and to conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, I HEREBY MAKE THE FOLLOWING DETERMINATIONS AND ORDERS:

1.       This Order incorporates by reference the definitions in the Settlement Agreement and Release, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement and Release.

2. The Court GRANTS the parties' request for a preliminary review of the Settlement Agreement, finding it appears to fall within the range of possible final approval. It further appears that sufficient informal and formal discovery, investigation, research, and contested litigation have been conducted for experienced counsel to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement Agreement has been reached as the result of intensive, informed, and non-collusive negotiations between the parties following multiple days of mediation with a skilled and respected mediator and a Judicial Settlement Officer of this Court.

3. The Court GRANTS the parties' request for preliminary certification of the following Rule 23 Settlement Class for the sole, and limited, purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

> All current and former Route Sales Drivers assigned to an Oakhurst location in Maine who performed compensable work as employees of Oakhurst Dairy between May 5, 2008 and August 29, 2012 and received from Oakhurst Dairy at least one non-zero dollar check for compensable work during that time period.

The Court recognizes certification under this Order is for settlement purposes only, and shall not constitute, or be construed as, an admission by Defendants that this action is appropriate for class certification for any other purpose. If, for any reason, the Settlement is not granted final approval, entry of this Order is without prejudice to the rights of Defendants to oppose certification of the Named Plaintiffs' claims as a class action.

4. The Court APPOINTS Plaintiffs' Counsel, Jeffrey N. Young, David G. Webbert, and Carol J. Garvan, of the law firm of Johnson, Webbert & Young, LLP, as class counsel.

5. The Court APPOINTS the Named Plaintiffs—Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally—as class representatives.

6. The Court finds that the Notice of Proposed Class Action Settlement advises of the pendency of the litigation and of the proposed settlement, of the timing and procedures for Class Members to request exclusion from the Class and the Settlement (i.e., to opt out), and of the Final Approval Hearing. The Notice fairly and adequately advises Class Members of: the terms of the proposed Settlement and the benefits available to Class Members thereunder; their right to request exclusion from (or to "opt-out" of) the Class and the procedures for doing so; their right to file documentation in support of or in opposition to the Settlement and procedures for doing so; the date, time and location of the Final Approval Hearing; and the procedures that Class Members must follow to be heard at the Final Approval Hearing. The Court further finds that the Notice comports with all Constitutional requirements including those of due process. Accordingly, good cause appearing, the Court hereby authorizes the proposed Notice of Proposed Class Action Settlement, as attached to the Settlement Agreement and Release as Exhibit A.

7. The Court APPROVES the selection and designation of KCC Class Action Administration as Settlement Administrator, and the payment of reasonable administration costs to be paid from the Global Settlement Fund.

8. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and establishes the following deadlines:

    a. Within seven (7) business days after entry of this Order, Defendants will provide to the Settlement Administrator and to Plaintiffs' Counsel the names, last known U.S. mail and email address, and Social Security number for each Settlement Class Member; and Plaintiffs will provide to the Settlement

Administrator all contact information in their possession for each Settlement Class Member.

b. Within twenty (20) calendar days of entry of this Order, the Settlement Administrator will compare the provided U.S. mail address to information available from the U.S. Postal Service or similar database, and send to each Settlement Class Member by U.S. first class mail, postage pre-paid, the Notice of Settlement to the Member's current U.S. mail address. The Court finds that mailing the Notice to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of the Litigation, the proposed Settlement, and their rights with respect to it. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate in accord with all constitutional and statutory requirements, including all due process requirements.

c. Within ten (10) calendar days of receiving notice from the U.S. Postal Service that a Notice of Settlement was undeliverable, the Settlement Administrator shall, after utilizing up-to-date practices to determine a current U.S. mail address, re-mail the Notice of Settlement.

d. Within sixty (60) calendar days after the Court issues this Preliminary Approval Order, Plaintiffs' counsel will file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses, and a motion for approval of Service Awards payable to the Named Plaintiffs, all of which are to be paid from the Global Settlement Fund.

    e. Within forty-five (45) calendar days from the mailing of the Notice of Settlement (45 days from the second mailing for those whose first mailing was returned undeliverable), any request to opt out of the Settlement, containing the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator. Any Settlement Class Member who does not provide a timely notice of opting out that complies with the Notice of Settlement, or who provides such notice but then rescinds it, shall be bound by the terms of the Settlement if finally approved by the Court.

    f. Within forty-five (45) calendar days from the mailing of the Notice of Settlement (45 days from the second mailing for those whose first mailing was returned undeliverable), any objections to the Settlement that include all of the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator.

9.    Under Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Settlement Class Members who object to the proposed Settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided any such objecting Settlement Class Member has submitted to the Settlement Administrator timely notices of objection and of intention to appear that comply with the requirements of the Notice of Settlement. Settlement Class Members who timely and fully provide to the Settlement Administrator objections as set forth in the Notice of Settlement, or their counsel, may be heard at the Final Approval Hearing; and no briefs or other papers may be

received or considered unless the papers have been filed, and served on counsel for all parties, at least ten (10) days before the Final Approval Hearing.

10. On _____, 2018 at _____ \_\_.m. in Courtroom \_\_\_ at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101, counsel for the parties shall appear before the undersigned for a Final Approval Hearing, at which the Court will consider the fairness, adequacy and reasonableness of the proposed Settlement, and to consider the application of Class Counsel Johnson Webbert & Young, LLP, for an award of reasonable attorneys' fees, litigation expenses, and for costs of claims administration incurred. No later than thirty (30) calendar days before the Final Approval Hearing, all briefs in support of the proposed Settlement and fee and cost applications shall be served and filed with the Court.

11. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated: _____, 2018