# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Jefferson Sessions
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Re:   Notice of Proposed Class Action Settlement in the Matter of
***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
In the United States District Court for the District of Maine
Case No. 2:14-cv-00192-NT

Dear Mr. Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*  Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate Federal official. See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)   **Complaint and Second Amended Complaint.**  No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)   **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree
Deakins**

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).** See 28 U.S.C. § 1715(b)(3).  The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action.  See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.** See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants.  See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.** See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members who reside in each State.**  A list of class members who reside in each state are attached hereto.  If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).


28 U.S.C. § 1715(b) also requires notice of the proposed settlement to the appropriate State official of each State in which a class member resides. Accordingly, Defendants have served notice of the proposed settlement to the State Attorney General for each State in which the class members reside (see 28 U.S.C. § 1715(a)(2)).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the Attorney General of the United States.  See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978126.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBERS AND STATES**

| FirstName | LastName | State |
|---|---|---|
| Christopher | DeVoe | FL |
| Scott | Schiavoni | FL |
| Jason | Dupras | MA |
| Joshua | Hanley | MA |
| Michael | Onos | MA |
| Stephen | Scipione | MA |
| Ellie | Adams | ME |
| Timothy | Ahern | ME |
| Robert | Arsenault | ME |
| Jeffrey | Aubin | ME |
| Larry | Bennett | ME |
| Jonathan | Boudreau | ME |
| Sean | Brann | ME |
| Michael | Canwell | ME |
| Adam | Capponi | ME |
| Jesse | Carll | ME |
| Joshua | Charbonneau | ME |
| William | Close | ME |
| Peter | Colello | ME |
| Timothy | Conley | ME |
| James | Cox | ME |
| Jason | Curtis | ME |
| Chad | Cyr | ME |
| Anthony | Dascanio | ME |
| Joshua | Davis | ME |
| John | Doughty | ME |
| Jess | Dow | ME |
| Richard | Dow | ME |
| Glenwood | Duplisea | ME |
| Darren | Dyer | ME |
| Kenneth | Eaton | ME |
| Forrest | Emery | ME |
| Duane | Farrar | ME |
| Trevor | Field | ME |
| Jonathan | Foley | ME |
| Michael | Fraser | ME |
| Scott | Frost | ME |
| Michael | Gallant | ME |
| Adam | Gardiner | ME |
| Robert | Gaudette | ME |
| Daniel | Gorton | ME |
| Joseph | Gray | ME |
| Ryan | Greene | ME |

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBERS AND STATES**

| FirstName | LastName | State |
|---|---|---|
| John-Elwyn | Hamel | ME |
| Robert | Hancock | ME |
| Christopher | Harding | ME |
| Jeffrey | Harrison | ME |
| Jesse | Henderson | ME |
| Paul | Higgins | ME |
| Christopher | Hodgman | ME |
| Mark | Howland | ME |
| James | Jollotta | ME |
| Roger | Jope | ME |
| Daniel | Keene | ME |
| Preston | Kennie | ME |
| Zachary | Kinnear | ME |
| Jacob | Knight | ME |
| John | Kresge | ME |
| Ronald | LaBrecque | ME |
| Shawn | LaBrie | ME |
| Nicholas | Lagueux | ME |
| Mark | Lambert | ME |
| Scott | Landry | ME |
| Jeremy | Lavway | ME |
| William | Lloyd | ME |
| Jacob | Lougeay | ME |
| Adam | Lovejoy | ME |
| Alfred | Lucci | ME |
| Bruce | Maciel | ME |
| Joseph | Masse | ME |
| Jacky | McCoy | ME |
| Eric | McLain | ME |
| James | McLean | ME |
| Mell | McLean | ME |
| Robert | McNally | ME |
| Mark | Munn | ME |
| Edwin | Nickerson | ME |
| Kraig | Noble | ME |
| Michael | Noble | ME |
| Peter | Noonan | ME |
| Steven | Norris | ME |
| Sean | O'Brien | ME |
| Kevin | O'Connor | ME |
| Padraig | O'Donnchadha | ME |
| Stephen | Page | ME |
| Nelson | Palmer | ME |

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBERS AND STATES**

| FirstName | LastName | State |
|---|---|---|
| Michael | Pattee | ME |
| Luke | Peaslee | ME |
| Steven | Pelletier | ME |
| Justin | Pierce | ME |
| Maurice | Pooler | ME |
| Danny | Poulin | ME |
| Daniel | Rainey | ME |
| Jamie | Ramsey | ME |
| Matthew | Richardson | ME |
| Nicholas | Ridley | ME |
| Justin | Rossi | ME |
| William | Rowe | ME |
| Robert | Ruby | ME |
| Dana | Russell | ME |
| Walter | Seeley | ME |
| James | Shunk | ME |
| Daniel | Simpson | ME |
| Michael | Somerset | ME |
| Kimberly | St Louis | ME |
| Alan | Steinour | ME |
| Michael | Sudduth | ME |
| Ryan | Sullivan | ME |
| Christopher | Theriault | ME |
| William | Tibbals | ME |
| James | Tibbetts | ME |
| Everett | Tinker | ME |
| Antonio | Vazquez | ME |
| Charles | Walsh | ME |
| Mathew | White | ME |
| Aaron | Wilson | ME |
| Peter | Yeackel | ME |
| John | Young | ME |
| Leslie | Voltolina | MO |
| Christopher | O'Connor | NC |
| Christopher | Hall | SC |
| Dennis | Bickford | VT |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys at Law*
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Pam Bondi
Attorney General
State of Florida
The Capitol PL 01
Tallahassee, FL 32399-1050

Re:  Notice of Proposed Class Action Settlement in the Matter of
***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
In the United States District Court for the District of Maine
Case No. 2:14-cv-00192-NT

Dear Madam Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official. See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1) **Complaint and Second Amended Complaint.** No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2) **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree
Deakins**

3) **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).** See 28 U.S.C. § 1715(b)(3). The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action. See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4) **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.** See 28 U.S.C. §§ 1715(b)(4).

5) **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants. See 28 U.S.C. § 1715(b)(5).

6) **There has been no final judgment or notice of dismissal entered as of this date.** See 28 U.S.C. § 1715(b)(6).

7) **List of the names of the class members.** A list of class members who reside in your state are attached hereto. If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office. See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978118.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - FLORIDA**

|   | First Name | Last Name |
|---|---|---|
| 1 | Christopher | DeVoe |
| 2 | Scott | Schiavoni |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Maura Healey
Attorney General
State of Massachusetts
1 Ashburton Place
Boston, MA  02108-1518

Re:     Notice of Proposed Class Action Settlement in the Matter of
        ***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
        In the United States District Court for the District of Maine
        Case No. 2:14-cv-00192-NT

Dear Madam Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*  Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official.  See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)     **Complaint and Second Amended Complaint.**  No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)     **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

3)  **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).** See 28 U.S.C. § 1715(b)(3). The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action. See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)  **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.** See 28 U.S.C. §§ 1715(b)(4).

5)  **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants. See 28 U.S.C. § 1715(b)(5).

6)  **There has been no final judgment or notice of dismissal entered as of this date.** See 28 U.S.C. § 1715(b)(6).

7)  **List of the names of the class members.** A list of class members who reside in your state are attached hereto. If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office. See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978120.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - MASSACHUSETTS**

|   | First Name | Last Name |
|---|------------|-----------|
| 1 | Jason | Dupras |
| 2 | Joshua | Hanley |
| 3 | Michael | Onos |
| 4 | Stephen | Scipione |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Janet T. Mills
Attorney General
State of Maine
6 State House Station
Augusta, ME  04333

Re:     Notice of Proposed Class Action Settlement in the Matter of
        ***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
        In the United States District Court for the District of Maine
        Case No. 2:14-cv-00192-NT

Dear Madam Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq*.  Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official.  See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)      **Complaint and Second Amended Complaint.**  No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)      **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

---

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree**
**Deakins**

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).**  See 28 U.S.C. § 1715(b)(3).  The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action.  See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.**  See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants.  See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.**  See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members.**  A list of class members who reside in your state are attached hereto.  If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office.  See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978121.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - MAINE**

|     | First Name | Last Name |
| --- | --- | --- |
| 1 | Ellie | Adams |
| 2 | Timothy | Ahern |
| 3 | Robert | Arsenault |
| 4 | Jeffrey | Aubin |
| 5 | Larry | Bennett |
| 6 | Jonathan | Boudreau |
| 7 | Sean | Brann |
| 8 | Michael | Canwell |
| 9 | Adam | Capponi |
| 10 | Jesse | Carll |
| 11 | Joshua | Charbonneau |
| 12 | William | Close |
| 13 | Peter | Colello |
| 14 | Timothy | Conley |
| 15 | James | Cox |
| 16 | Jason | Curtis |
| 17 | Chad | Cyr |
| 18 | Anthony | Dascanio |
| 19 | Joshua | Davis |
| 20 | John | Doughty |
| 21 | Jess | Dow |
| 22 | Richard | Dow |
| 23 | Glenwood | Duplisea |
| 24 | Darren | Dyer |
| 25 | Kenneth | Eaton |
| 26 | Forrest | Emery |
| 27 | Duane | Farrar |
| 28 | Trevor | Field |
| 29 | Jonathan | Foley |
| 30 | Michael | Fraser |
| 31 | Scott | Frost |
| 32 | Michael | Gallant |
| 33 | Adam | Gardiner |
| 34 | Robert | Gaudette |
| 35 | Daniel | Gorton |
| 36 | Joseph | Gray |
| 37 | Ryan | Greene |
| 38 | John-Elwyn | Hamel |
| 39 | Robert | Hancock |
| 40 | Christopher | Harding |
| 41 | Jeffrey | Harrison |
| 42 | Jesse | Henderson |
| 43 | Paul | Higgins |

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - MAINE**

|  | First Name | Last Name |
|---|---|---|
| 44 | Christopher | Hodgman |
| 45 | Mark | Howland |
| 46 | James | Jollotta |
| 47 | Roger | Jope |
| 48 | Daniel | Keene |
| 49 | Preston | Kennie |
| 50 | Zachary | Kinnear |
| 51 | Jacob | Knight |
| 52 | John | Kresge |
| 53 | Ronald | LaBrecque |
| 54 | Shawn | LaBrie |
| 55 | Nicholas | Lagueux |
| 56 | Mark | Lambert |
| 57 | Scott | Landry |
| 58 | Jeremy | Lavway |
| 59 | William | Lloyd |
| 60 | Jacob | Lougeay |
| 61 | Adam | Lovejoy |
| 62 | Alfred | Lucci |
| 63 | Bruce | Maciel |
| 64 | Joseph | Masse |
| 65 | Jacky | McCoy |
| 66 | Eric | McLain |
| 67 | James | McLean |
| 68 | Mell | McLean |
| 69 | Robert | McNally |
| 70 | Mark | Munn |
| 71 | Edwin | Nickerson |
| 72 | Kraig | Noble |
| 73 | Michael | Noble |
| 74 | Peter | Noonan |
| 75 | Steven | Norris |
| 76 | Sean | O'Brien |
| 77 | Kevin | O'Connor |
| 78 | Padraig | O'Donnchadha |
| 79 | Stephen | Page |
| 80 | Nelson | Palmer |
| 81 | Michael | Pattee |
| 82 | Luke | Peaslee |
| 83 | Steven | Pelletier |
| 84 | Justin | Pierce |
| 85 | Maurice | Pooler |
| 86 | Danny | Poulin |

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - MAINE**

|     | First Name  | Last Name  |
| --- | ----------- | ---------- |
| 87  | Daniel      | Rainey     |
| 88  | Jamie       | Ramsey     |
| 89  | Matthew     | Richardson |
| 90  | Nicholas    | Ridley     |
| 91  | Justin      | Rossi      |
| 92  | William     | Rowe       |
| 93  | Robert      | Ruby       |
| 94  | Dana        | Russell    |
| 95  | Walter      | Seeley     |
| 96  | James       | Shunk      |
| 97  | Daniel      | Simpson    |
| 98  | Michael     | Somerset   |
| 99  | Kimberly    | St Louis   |
| 100 | Alan        | Steinour   |
| 101 | Michael     | Sudduth    |
| 102 | Ryan        | Sullivan   |
| 103 | Christopher | Theriault  |
| 104 | William     | Tibbals    |
| 105 | James       | Tibbetts   |
| 106 | Everett     | Tinker     |
| 107 | Antonio     | Vazquez    |
| 108 | Charles     | Walsh      |
| 109 | Mathew      | White      |
| 110 | Aaron       | Wilson     |
| 111 | Peter       | Yeackel    |
| 112 | John        | Young      |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone:  816.471.1301
Facsimile:  816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Joshua D. Hawley
Attorney General
State of Missouri
Supreme Court Building
P.O. Box 899
Jefferson City, MO  65102

> Re:   Notice of Proposed Class Action Settlement in the Matter of
> ***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
> In the United States District Court for the District of Maine
> Case No. 2:14-cv-00192-NT

Dear Mr. Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*  Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official.  See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)   **Complaint and Second Amended Complaint.**  No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)   **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree Deakins**

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).**  See 28 U.S.C. § 1715(b)(3).  The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action.  See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.**  See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants.  See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.**  See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members.**  A list of class members who reside in your state are attached hereto.  If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office.  See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978122.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - MISSOURI**

|   | First Name | Last Name |
|---|------------|-----------|
| 1 | Leslie | Voltolina |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Josh Stein
Attorney General
State of North Carolina
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC  27699-9001

Re:   Notice of Proposed Class Action Settlement in the Matter of
***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
In the United States District Court for the District of Maine
Case No. 2:14-cv-00192-NT

Dear Mr. Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official. See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)   **Complaint and Second Amended Complaint.**  No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)   **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

---

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree**
**Deakins**

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).** See 28 U.S.C. § 1715(b)(3). The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action. See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.** See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants. See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.** See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members.** A list of class members who reside in your state are attached hereto. If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office. See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978123.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - NORTH CAROLINA**

|   | First Name | Last Name |
|---|---|---|
| 1 | Christopher | O'Connor |

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2018

**VIA FEDERAL EXPRESS**

The Honorable Alan Wilson
Attorney General
State of South Carolina
P.O. Box 11549
Columbia, SC 29211

Re:     Notice of Proposed Class Action Settlement in the Matter of
        ***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
        In the United States District Court for the District of Maine
        Case No. 2:14-cv-00192-NT

Dear Mr. Attorney General:

This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official. See 28 U.S.C. § 1715(b).

This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

1)     **Complaint and Second Amended Complaint.** No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

2)     **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2018
Page 2

**Ogletree Deakins**

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).**  See 28 U.S.C. § 1715(b)(3).  The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action.  See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.**  See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).**  There are no other agreements contemporaneously made between class counsel and counsel for Defendants.  See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.**  See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members.**  A list of class members who reside in your state are attached hereto.  If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office.  See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

32978125.1

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - SOUTH CAROLINA**

|   | First Name | Last Name |
|---|---|---|
| 1 | Christopher | Hall |

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
www.ogletree.com

Patrick F. Hulla
816.410.2226
patrick.hulla@ogletree.com

February 16, 2008

**VIA FEDERAL EXPRESS**

The Honorable T.J. Donovan
Attorney General
State of Vermont
109 State Street
Montpelier, VT 05609-1001

Re:   Notice of Proposed Class Action Settlement in the Matter of
      ***Christopher O'Connor, et al. v. Oakhurst Dairy and Dairy Farmers of America, Inc.***
      In the United States District Court for the District of Maine
      Case No. 2:14-cv-00192-NT

Dear Mr. Attorney General:

   This letter is sent on behalf of Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") to notify you of the proposed settlement of the above-referenced class action in which Defendants were named, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* Section 1715(b) requires Defendants to serve notice of the proposed settlement to the appropriate State official. See 28 U.S.C. § 1715(b).

   This case was brought by Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally, on behalf of themselves and all others similarly situated, asserting various claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. Section 661 et seq., to recover unpaid minimum wage and overtime compensation.

   In compliance with 28 U.S.C. § 1715(b), the following documents and information are attached:

   1)   **Complaint and Second Amended Complaint.** No additional materials were filed with the Complaint or Second Amended Complaint. See 28 U.S.C. § 1715(b)(1).

   2)   **No hearings have been set as of this date.** See 28 U.S.C. § 1715(b)(2).

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

February 16, 2008
Page 2

3)   **Proposed Notice of Class Action Settlement (Exhibit A to Settlement Agreement and Release).**  See 28 U.S.C. § 1715(b)(3).  The notice provides information to class members of the proposed settlement and their rights, including the class members' right to request exclusion from the class action.  See 28 U.S.C. §§ 1715(b)(3)(A)(i), (b)(3)(B).

4)   **Joint Motion for Preliminary Review of Proposed Class Settlement and for Order Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Settlement Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives.**  See 28 U.S.C. §§ 1715(b)(4).

5)   **Settlement Agreement and Release (Exhibit to Joint Motion).** There are no other agreements contemporaneously made between class counsel and counsel for Defendants.  See 28 U.S.C. § 1715(b)(5).

6)   **There has been no final judgment or notice of dismissal entered as of this date.**  See 28 U.S.C. § 1715(b)(6).

7)   **List of the names of the class members.**  A list of class members who reside in your state are attached hereto.  If the settlement is approved by the Court, all settlement class members – regardless of state in which they reside – will receive payment according to the "Plan of Allocation" set forth in paragraph 13 to the Settlement Agreement and Release. See 28 U.S.C. § 1715(b)(7).

By issuing this notice, Defendants do not intend to expand the authority of, or impose any obligations, duties, or responsibilities upon, the State Attorney General's Office.  See 28 U.S.C. § 1715(f).

Please contact me if you have any questions or concerns.

Sincerely,

Patrick F. Hulla

PFH:jlm
Enclosures

**CHRISTOPHER O'CONNOR, et al. v. OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA**

**LIST OF CLASS MEMBER NAMES - VERMONT**

|   | First Name | Last Name |
|---|------------|-----------|
| 1 | Dennis | Bickford |

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O'CONNOR, ) | |
| KEVIN O'CONNOR, and ) | |
| JAMES ADAM COX , ) | |
| on behalf of themselves and all others ) | |
| similarly situated, ) | |
| ) | |
|        Plaintiffs, ) | |
| ) | Civil Action No. |
|    v. ) | |
| ) | |
| OAKHURST DAIRY, ) | |
| ) | |
|    and ) | |
| ) | |
| DAIRY FARMERS OF AMERICA, INC. ) | |
| ) | |
|        Defendants. ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs, Christopher O'Connor, Kevin O'Connor and James Adam Cox, on behalf of

themselves and all others similarly situated, complain of Defendant Oakhurst Dairy as follows:

**I.      INTRODUCTION**

This is an action brought by former and current delivery drivers of Oakhurst Dairy

("Oakhurst"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq*.,

('the FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq*, to

recover unpaid minimum wage and overtime compensation.  Plaintiffs Christopher O'Connor,

Kevin O'Connor, and James Adam Cox (collectively, "Plaintiffs") bring this action on their own

behalf and on behalf of all others similarly situated to them who were formerly or are currently

employed as delivery drivers by Oakhurst in the State of Maine.

## II. JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§1331, because Plaintiffs have brought a claim pursuant to the federal FLSA, 29 U.S.C. §201 *et*

*seq.*  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§1367(a).

2.      Venue properly lies in this Court pursuant to 28 U.S.C. §1391 because the

Defendant Oakhurst maintains a place of business in this judicial district and a substantial part of

the events or omissions giving rise to the claim occurred within this judicial district.

## III. JURY DEMAND

3.      Plaintiffs demand trial by jury of all claims to the extent permitted by law.

## IV. PARTIES

### Plaintiff Christopher O'Connor

4.      Plaintiff Christopher O'Connor is a citizen of the United States and a resident of

Brunswick, Maine.

5.      From approximately 2003 until the present, Plaintiff Christopher O'Connor

("C. O'Connor") has been employed by Defendant Oakhurst as a delivery driver based in

Portland, Maine.

6.      C. O'Connor has been, at all material times, a covered, non-exempt employee of

Oakhurst within the meaning of the FLSA.

7.      C. O'Connor has been, at all material times, a covered, non-exempt employee of

Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

8.     During his employment with Oakhurst, C. O'Connor regularly has worked in excess of forty (40) hours in a work week.

9.     During his employment with Oakhurst, C. O'Connor has not been paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

10.     During his employment with Oakhurst, C. O'Connor has not been paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

**Plaintiff Kevin O'Connor**

11.     Plaintiff Kevin O'Connor is a citizen of the United States and a resident of Winslow, Maine.

12.     From approximately 2005 until 2009, Plaintiff Kevin O'Connor ("K. O'Connor") was employed by Defendant Oakhurst as a delivery driver based primarily in Waterville, Maine.

13.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

14.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

15.     During his employment with Oakhurst, K. O'Connor regularly worked in excess of forty (40) hours in a work week.

16.     During his employment with Oakhurst, K. O'Connor was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

17. During his employment with Oakhurst, K. O'Connor was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

**Plaintiff James Adam Cox**

18. Plaintiff James Adam Cox is a citizen of the United States and a resident of Brunswick, Maine.

19. From approximately mid-2009 until mid-2011, Plaintiff James Adam Cox ("Cox") was employed by Defendant Oakhurst as a delivery driver based in Maine.

20. Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

21. Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

22. During his employment with Oakhurst, Cox regularly worked in excess of forty (40) hours in a work week.

23. During his employment with Oakhurst, Cox was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

24. During his employment with Oakhurst, Cox was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

25. The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. With respect to Plaintiffs' allegations under the FLSA, Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b). With

respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**<u>Defendants Oakhurst and Dairy Farmers of America, Inc.</u>**

26.     Defendant Oakhurst is a Maine company.  Until January 2014, Oakhurst had its headquarters in Portland, Maine.  On or about January 31, 2014, Oakhurst was purchased by Dairy Farmers of America, Inc., a national cooperative.  Upon information and belief, following the purchase, Defendant Oakhurst has become a wholly-owned subsidiary of Dairy Farmers of America, Inc..

27.     Defendant Dairy Farmers of America, Inc. is a cooperative headquartered in Kansas City, Missouri.  On or about January 31, 2014, Dairy Farmers of America, Inc. purchased Oakhurst.

28.     Defendant Oakhurst bottles milk and produces other dairy products from a facility in Portland, Maine.  Milk, dairy, and other products are distributed by delivery drivers from Oakhurst facilities within the State of Maine in Portland, Waterville, Bangor, and Presque Isle.

29.     Defendant Oakhurst is subject to the requirements of the FLSA and the Maine Minimum Wage and Overtime Law.

30.     Defendant Oakhurst is an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

31.     At all times material hereto, Defendant Oakhurst was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

32. Defendant Oakhurst is subject to the requirements of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq.* because it suffered or permitted Plaintiffs to work as defined by 26 M.R.S.A. § 663(2).

## V.    GENERAL FACTUAL ALLEGATIONS

33. Defendant Oakhurst holds itself out to be the "only truly local major dairy" in Northern New England and purveyor of the "Natural Goodness of Maine."

34. At all relevant times, Plaintiffs are or were employed as delivery drivers for Oakhurst based in the State of Maine.

35. Oakhurst designates its delivery drivers by the job title "Route Salesmen."  The so-called "Route Salesmen" do not solicit sales, although Oakhurst customers can ask them to electronically enter an order to replenish stock.

36. As Route Salesmen based in Maine, Plaintiffs' primary job duties consist of picking up loaded trucks from one of Oakhurst's four Maine facilities (Portland, Waterville, Bangor, or Presque Isle), driving the loaded trucks to Oakhurst's retail customers, assisting with unloading the products at the sites of Oakhurst customers, entering electronic orders requested by retail customers for additional products to replenish the customers' stock, and driving the empty trucks back to the original facility where the route was initiated.

37. Route Salesmen regularly worked in excess of forty (40) hours in a work week.

38. Oakhurst paid Route Salesmen a flat weekly "salary" regardless of how many hours they worked or miles they drove.  If Route Salesmen worked a sixth day within a given work week, they received an additional lump sum, which was calculated as a percentage of the employee's "salary."

39. At any given time, Oakhurst employs approximately 50 Route Salesmen.

6

40.     Route Salesmen were not compensated at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week.

41.     Route Salesmen were not paid an amount of overtime pay "reasonably equivalent" to that required by the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664, one and one-half times their regular rate of pay for hours worked over forty (40) per week.

## Class And Collective Allegations

42.     The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated. With respect to Plaintiffs' allegations under the FLSA, Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b). With respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Federal Collective Action Allegations

43.     Plaintiffs seek to bring a collective action for unpaid overtime in violation of the Fair Labor Standards Act. For purposes of Plaintiff's allegations under the FLSA, Plaintiffs seek to represent all persons similarly situated to Plaintiffs who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since three years prior to the filing of the Complaint.

44.     At any given time, Oakhurst employs approximately 50 Route Salesmen. Upon information and belief, because of turnover, Oakhurst has employed more than 100 Route Salesmen similarly situated to Plaintiffs to deliver products from Oakhurst's Maine facilities to its retail customers during the three years prior to the filing of the Complaint.

45.     Plaintiffs C. O'Connor, K. O'Connor, and Cox are similarly situated to one another and the putative class members insofar as:

    a.       All worked as Route Salesmen for Defendant Oakhurst.

    b.       All were based in Maine.

    c.       All were paid by Oakhurst on the same basis.

    d.       All regularly worked more than 40 hours a week for Oakhurst.

    e.       All were denied overtime pay by Oakhurst.

**Maine Class Action Allegations**

46.    Plaintiffs seek to bring a class action for unpaid overtime in violation of the Maine Minimum Wage and Overtime Law. For purposes of Plaintiffs' allegations under the Maine Minimum Wage and Overtime Law, Plaintiffs seek to represent a class consisting of all persons who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since six years prior to the filing of the Complaint.

47.    The class described in paragraph 46 is sufficiently numerous such that joinder of all persons in the class is impracticable, as required by Fed. R. Civ. P. 23(a)(1).

48.    As required by Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the class, including but not limited to:

a) the nature of the job duties and responsibilities of Route Salesmen;

b) the manner in which Oakhurst compensated Route Salesmen for the work they performed;

c) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3), by failing to pay its Route Salesmen at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week;

8

d) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3)(H) (eff. Sept. 1, 2003, repealed eff. August 30, 2012) ("Former Section 664(3)(H)"), by failing to pay its Route Salesmen an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664 for hours worked over forty (40) per week.

49.     As required by Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the class they seek to represent.

50.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).

51.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the class.

52.     Pursuant to Fed. R. Civ. P. 23(b)(1)(B), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, substantially impair or impede their ability to protect their interests.

53.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54.     Maintenance of this action as a class action will promote the efficient administration of justice by obviating the need of numerous individual members to commence their own action.

55.     Maintenance of this action as a class action will promote the equitable administration of justice since many individual members may not have the resources to independently retain counsel and pursuing claims on an individual basis would be disproportionately expensive.

56.     Maintenance of this action as a class action is unlikely to impose burdens upon the Court other than those which would be encountered if the action were to proceed as an individual action on behalf of Plaintiffs.

## VI.     CAUSES OF ACTION

### COUNT I
### (Individual and Collective Action FLSA Allegations
### for Failure  to Pay Overtime In Violation of 29 U.S.C. §207)

57.     Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

58.     At all material times, Route Salesman have been covered, non-exempt employees of Oakhurst within the meaning of the FLSA.

59.     Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(a)(1).

60.     Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(b)(1).

61.     Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay.

62.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the FLSA which require overtime compensation for non-exempt employees.

63.     As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## COUNT II
### (Failure to Pay Overtime In Violation of Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664)

64.     Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

65.     From September 2, 2003 until August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements to the extent that they were exempt under federal law, but still mandated that those drivers be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664, one and one-half times the regular rate of pay for hours worked in excess of forty (40) per work week. See 26 M.R.S.A. §664(3)(H) (eff. Sept. 1, 2003; repealed eff. August 30, 2012) ("Former Section 664(3)(H)"); 12-170 Code of Maine Regulations Ch. 14, section III (Department of Labor regulations promulgated pursuant to Former Section 664(3)(H)).  Following legislative amendments, effective August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain drivers from overtime requirements, but still only to the extent that drivers were exempt under federal law. See 26 M.R.S.A. §664(3)(K) (eff. August 30, 2012).

66.     At all material times, Route Salesman have been covered, non-exempt employees of Oakhurst within the meaning of Maine law.

67.     Route Salesmen are not exempt from the overtime requirements of the Maine Minimum Wage and Overtime Law pursuant to 26 M.R.S.A. §664(3)(K) or Former Section 664(3)(H).

68.     Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay.

69.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664(3), which requires overtime compensation for non-exempt employees.

70.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of Former Section 664(3)(H), which required that Route Salesmen be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664.

71.     As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court order the following relief:

1.     Enter an order certifying a collective action pursuant to §216(b) for violations of the FLSA.

2.      Enter an order certifying Plaintiffs and all employees similarly situated to them as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the Maine Minimum Wage and Overtime Law.

3.      Order Defendant Oakhurst to pay all damages to which the named Plaintiffs and class members may be entitled, including unpaid overtime compensation, liquidated damages, and pre- and post-judgment interest.

4.      Order Defendant Oakhurst to pay costs and reasonable attorneys' fees.

5.      Award such additional relief as the Court deems appropriate.

Dated:  May 5, 2014                          Respectfully submitted,


                                              */s/ Jeffrey Neil Young*
                                              Jeffrey Neil Young
                                              JOHNSON, WEBBERT & YOUNG, LLP
                                              160 Capitol St., Suite 3
                                              Augusta, ME 04332
                                              Telephone:  (207) 623-5110
                                              Email:  jyoung@johnsonwebbert.com


                                              /s/ *Carol J. Garvan*
                                              Carol J. Garvan
                                              JOHNSON, WEBBERT & YOUNG, LLP
                                              160 Capitol St., Suite 3
                                              Augusta, ME 04332
                                              Telephone:  (207) 623-5110
                                              Email:  cgarvan@johnsonwebbert.com

                                              *Attorneys for Plaintiffs*

13

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O'CONNOR, ) | |
| KEVIN O'CONNOR, ) | |
| JAMES ADAM COX , ) | |
| MICHAEL FRASER, and ) | |
| ROBERT McNALLY, ) | |
| on behalf of themselves and all others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 2:14-cv-00192-NT |
| v. ) | |
| ) | |
| OAKHURST DAIRY, ) | |
| ) | |
| and ) | |
| ) | |
| DAIRY FARMERS OF AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED CLASS AND COLLECTIVE
ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally, on behalf of themselves and all others similarly situated, complain of Defendant Oakhurst Dairy and Dairy Farmers of America, Inc., (jointly referred to as Oakhurst for the period of time after Oakhurst became a wholly-owned subsidiary of Dairy Farmers of America), as follows:

## I.    INTRODUCTION

This is an action brought by former and current delivery drivers of Oakhurst Dairy ("Oakhurst"), pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq*., ('the FLSA") and the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq*, to

recover unpaid minimum wage and overtime compensation. Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally (collectively, "Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated to them who were formerly or are currently employed as delivery drivers by Oakhurst in the State of Maine.

## II.    JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal FLSA, 29 U.S.C. §201 *et seq.* The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

2.    Venue properly lies in this Court pursuant to 28 U.S.C. §1391 because the Defendant Oakhurst maintains a place of business in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## III.    JURY DEMAND

3.    Plaintiffs demand trial by jury of all claims to the extent permitted by law.

## IV.    PARTIES

### **Plaintiff Christopher O'Connor**

4.    Plaintiff Christopher O'Connor is a citizen of the United States and a resident of Brunswick, Maine.

5.    From approximately 2003 until the present, Plaintiff Christopher O'Connor ("C. O'Connor") has been employed by Defendant Oakhurst as a delivery driver based in Portland, Maine.

6.      C. O'Connor has been, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

7.      C. O'Connor has been, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

8.      During his employment with Oakhurst, C. O'Connor regularly has worked in excess of forty (40) hours in a work week.

9.      During his employment with Oakhurst, C. O'Connor has not been paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

10.     During his employment with Oakhurst, C. O'Connor has not been paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff Kevin O'Connor

11.     Plaintiff Kevin O'Connor is a citizen of the United States and a resident of Winslow, Maine.

12.     From approximately 2005 until 2009, Plaintiff Kevin O'Connor ("K. O'Connor") was employed by Defendant Oakhurst as a delivery driver based primarily in Waterville, Maine.

13.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

14.     K. O'Connor was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

15.     During his employment with Oakhurst, K. O'Connor regularly worked in excess of forty (40) hours in a work week.

3

16.     During his employment with Oakhurst, K. O'Connor was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

17.     During his employment with Oakhurst, K. O'Connor was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### **Plaintiff James Adam Cox**

18.     Plaintiff James Adam Cox is a citizen of the United States and a resident of Brunswick, Maine.

19.     From approximately mid-2009 until mid-2011, Plaintiff James Adam Cox ("Cox") was employed by Defendant Oakhurst as a delivery driver based in Maine.

20.     Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

21.     Cox was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law

22.     During his employment with Oakhurst, Cox regularly worked in excess of forty (40) hours in a work week.

23.     During his employment with Oakhurst, Cox was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

24.     During his employment with Oakhurst, Cox was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

25.     The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated.  With respect to Plaintiffs' allegations under the FLSA,

Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b). With respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Plaintiff Michael Fraser

26.     Plaintiff Michael Fraser is a citizen of the United States and a resident of Holden, Maine.

27.     From approximately November 2009 until February 2012, Plaintiff Michael Fraser ("Fraser") was employed by Defendant Oakhurst as a delivery driver based in Bangor, Maine.

28.     Fraser was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

29.     Fraser was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

30.     During his employment with Oakhurst, Fraser regularly worked in excess of forty (40) hours in a work week.

31.     During his employment with Oakhurst, Fraser was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

32.     During his employment with Oakhurst, Fraser was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

### Plaintiff Robert McNally

33.     Plaintiff Robert McNally is a citizen of the United States and a resident of Bangor, Maine.

34. From approximately January 2002 until August 2012, Plaintiff Robert McNally ("McNally") was employed by Defendant Oakhurst as a delivery driver based in Bangor, Maine.

35. McNally was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the FLSA.

36. McNally was, at all material times, a covered, non-exempt employee of Oakhurst within the meaning of the Maine Minimum Wage and Overtime Law.

37. During his employment with Oakhurst, McNally regularly worked in excess of forty (40) hours in a work week.

38. During his employment with Oakhurst, McNally was not paid at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

39. During his employment with Oakhurst, McNally was not paid at a rate "reasonably equivalent" to at least one and one-half times his regular hourly rate for all hours worked in excess of forty (40) in a work week.

**Defendants Oakhurst and Dairy Farmers of America, Inc.**

40. Defendant Oakhurst is a Maine company. Until January 2014, Oakhurst had its headquarters in Portland, Maine. On or about January 31, 2014, Oakhurst was purchased by Dairy Farmers of America, Inc., a national cooperative. Upon information and belief, following the purchase, Defendant Oakhurst has become a wholly-owned subsidiary of Dairy Farmers of America, Inc.

41. Defendant Dairy Farmers of America, Inc. is a cooperative headquartered in Kansas City, Missouri. On or about January 31, 2014, Dairy Farmers of America, Inc. purchased Oakhurst.

42.     Defendant Oakhurst bottles milk and produces other dairy products from a facility in Portland, Maine.  Milk, dairy, and other products are distributed by delivery drivers from Oakhurst facilities within the State of Maine in Portland, Waterville, Bangor, and Presque Isle.

43.     Defendant Oakhurst is subject to the requirements of the FLSA and the Maine Minimum Wage and Overtime Law.

44.     Defendant Oakhurst is an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

45.     At all times material hereto, Defendant Oakhurst was an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

46.     Defendant Oakhurst is subject to the requirements of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §§661 *et seq.* because it suffered or permitted Plaintiffs to work as defined by 26 M.R.S.A. § 663(2).

## V.     GENERAL FACTUAL ALLEGATIONS

47.     Defendant Oakhurst holds itself out to be the "only truly local major dairy" in Northern New England and purveyor of the "Natural Goodness of Maine."

48.     At all relevant times, Plaintiffs are or were employed as delivery drivers for Oakhurst based in the State of Maine.

49.     Oakhurst designates its delivery drivers by the job title "Route Salesmen."  The so-called "Route Salesmen" do not solicit sales, although Oakhurst customers can ask them to electronically enter an order to replenish stock.

50.     As Route Salesmen based in Maine, Plaintiffs' primary job duties consist of picking up loaded trucks from one of Oakhurst's four Maine facilities (Portland, Waterville,

Bangor, or Presque Isle), driving the loaded trucks to Oakhurst's retail customers, assisting with unloading the products at the sites of Oakhurst customers, entering electronic orders requested by retail customers for additional products to replenish the customers' stock, and driving the empty trucks back to the original facility where the route was initiated.

51.     Route Salesmen regularly worked in excess of forty (40) hours in a work week.

52.     Oakhurst paid Route Salesmen a flat weekly "salary" regardless of how many hours they worked or miles they drove.  If Route Salesmen worked a sixth day within a given work week, they received an additional lump sum, which was calculated as a percentage of the employee's "salary."

53.     At any given time, Oakhurst employs approximately 50 Route Salesmen.

54.     Route Salesmen were not compensated at the rate of  one and one-half times their regular rate of pay for hours worked over forty (40) per week.

55.     Route Salesmen were not paid an amount of overtime pay "reasonably equivalent" to that required by the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664, one and one-half times their regular rate of pay for hours worked over forty (40) per week.

## **Class And Collective Allegations**

56.     The above-named Plaintiffs bring this action on their own behalf and on behalf of a group of all others similarly situated.  With respect to Plaintiffs' allegations under the FLSA, Plaintiffs seek certification of a collective action pursuant to the FLSA, 29 U.S.C. §216(b).  With respect to Plaintiffs' allegations under Maine law, Plaintiffs seek certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure**.**

8

## Federal Collective Action Allegations

57.     Plaintiffs seek to bring a collective action for unpaid overtime in violation of the Fair Labor Standards Act. For purposes of Plaintiff's allegations under the FLSA, Plaintiffs seek to represent all persons similarly situated to Plaintiffs who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since three years prior to the filing of the Complaint.

58.     At any given time, Oakhurst employs approximately 50 Route Salesmen.  Upon information and belief, because of turnover, Oakhurst has employed more than 100 Route Salesmen similarly situated to Plaintiffs to deliver products from Oakhurst's Maine facilities to its retail customers during the three years prior to the filing of the Complaint.

59.     Plaintiffs C. O'Connor, K. O'Connor, Cox, Fraser and McNally are similarly situated to one another and the putative class members insofar as:

      a.     All worked as Route Salesmen for Defendant Oakhurst.

      b.     All were based in Maine.

      c.     All were paid by Oakhurst on the same basis.

      d.     All regularly worked more than 40 hours a week for Oakhurst.

      e.     All were denied overtime pay by Oakhurst.

## Maine Class Action Allegations

60.     Plaintiffs seek to bring a class action for unpaid overtime in violation of the Maine Minimum Wage and Overtime Law. For purposes of Plaintiffs' allegations under the Maine Minimum Wage and Overtime Law, Plaintiffs seek to represent a class consisting of all

persons who are employed or have been employed by Defendant Oakhurst as Route Salesmen based in the State of Maine at any time since six years prior to the filing of the Complaint.

61.   The class described in paragraph 46 is sufficiently numerous such that joinder of all persons in the class is impracticable, as required by Fed. R. Civ. P. 23(a)(1).

62.   As required by Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the class, including but not limited to:

   a) the nature of the job duties and responsibilities of Route Salesmen;

   b) the manner in which Oakhurst compensated Route Salesmen for the work they performed;

   c) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3), by failing to pay its Route Salesmen at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week;

   d) whether Oakhurst violated the Maine Minimum Wage and Overtime Law, 26 MRSA 664(3)(H) (eff. Sept. 1, 2003, repealed eff. August 30, 2012) ("Former Section 664(3)(H)"), by failing to pay its Route Salesmen an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664 for hours worked over forty (40) per week.

63.   As required by Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the class they seek to represent.

64.   Plaintiffs and their counsel will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4).

65.   Pursuant to Fed. R. Civ. P. 23(b)(1)(A), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a

risk of inconsistent adjudication with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the class.

66.     Pursuant to Fed. R. Civ. P. 23(b)(1)(B), class certification is appropriate here because the prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, substantially impair or impede their ability to protect their interests.

67.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate here because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

68.     Maintenance of this action as a class action will promote the efficient administration of justice by obviating the need of numerous individual members to commence their own action.

69.     Maintenance of this action as a class action will promote the equitable administration of justice since many individual members may not have the resources to independently retain counsel and pursuing claims on an individual basis would be disproportionately expensive.

70.     Maintenance of this action as a class action is unlikely to impose burdens upon the Court other than those which would be encountered if the action were to proceed as an individual action on behalf of Plaintiffs.

## VI.    CAUSES OF ACTION

<u>**COUNT I**</u>
**(Individual and Collective Action FLSA Allegations**
**for Failure  to Pay Overtime In Violation of 29 U.S.C. §207)**

71.     Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

72.     At all material times, Route Salesman have been covered, non-exempt employees of Oakhurst within the meaning of the FLSA.

73.     Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(a)(1).

74.     Route Salesmen are not exempt from the maximum hour/overtime requirements of the FLSA pursuant to 29 U.S.C. §213(b)(1).

75.     Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay.

76.     By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the FLSA which require overtime compensation for non-exempt employees.

77.     As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## COUNT II
### (Failure to Pay Overtime In Violation of Maine
### Minimum Wage and Overtime Law, 26 M.R.S.A. §664)

78.     Plaintiffs reallege and hereby incorporate by reference all of the foregoing

paragraphs as if set forth in their entirety herein.

79.     From September 2, 2003 until August 30, 2012, the Maine Minimum Wage and

Overtime Law exempted certain drivers from overtime requirements to the extent that they were

exempt under federal law, but still mandated that those drivers be paid an amount of overtime

"reasonably equivalent" to that required by 26 M.R.S.A. §664, one and one-half times the

regular rate of pay for hours worked in excess of forty (40) per work week. See 26 M.R.S.A.

§664(3)(H) (eff. Sept. 1, 2003; repealed eff. August 30, 2012) ("Former Section 664(3)(H)"); 12-

170 Code of Maine Regulations Ch. 14, section III (Department of Labor regulations

promulgated pursuant to Former Section 664(3)(H)).  Following legislative amendments,

effective August 30, 2012, the Maine Minimum Wage and Overtime Law exempted certain

drivers from overtime requirements, but still only to the extent that drivers were exempt under

federal law. See 26 M.R.S.A. §664(3)(K) (eff. August 30, 2012).

80.     At all material times, Route Salesman have been covered, non-exempt employees

of Oakhurst within the meaning of Maine law.

81.     Route Salesmen are not exempt from the overtime requirements of the Maine

Minimum Wage and Overtime Law pursuant to 26 M.R.S.A. §664(3)(K) or Former Section

664(3)(H).

82.     Defendant Oakhurst willfully, knowingly and/or recklessly denied compensation

to Route Salesmen for hours worked over forty (40) per week at the rate of one and one-half

times their regular rate of pay.

13

83. By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of the Maine Minimum Wage and Overtime Law, 26 M.R.S.A. §664(3), which requires overtime compensation for non-exempt employees.

84. By its actions alleged above, Defendant Oakhurst willfully, knowingly and/or recklessly violated the provisions of Former Section 664(3)(H), which required that Route Salesmen be paid an amount of overtime "reasonably equivalent" to that required by 26 M.R.S.A. §664.

85. As a result of the unlawful acts of Defendant Oakhurst, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial.

## COUNT III

### (Failure to Pay Overtime In Violation of Maine Employment Practices Act, 26 M.R.S.A. §§621-A, 626, 626-A)

86. Plaintiffs reallege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

87. Federal and state overtime statutes are incorporated into any verbal or written employment agreement and replace any illegal wage term by operation of law.

87. Defendants failed to make full and timely payment at regular intervals to Route Salesmen of all wages, including overtime compensation, in violation of 26 M.R.S.A. §621-A.

88. Defendant Oakhurst failed to pay Route Salesmen all wages in full, including overtime compensation, upon cessation of employment, in violation of 26 M.R.S.A. §626.

89. Plaintiffs, on behalf of themselves and similarly situated employees, have made multiple demands to Defendant Oakhurst for payment of unpaid overtime wages and Defendant has not paid them within eight days of demand.

14

90.     Plaintiffs and all persons similarly situated to them are entitled pursuant to 26
M.R.S.A. § 626-A to recover their unpaid overtime wages and an amount equal to twice the
amount of their unpaid overtime wages, a reasonable rate of interest, costs of suit, and reasonable
attorney's fees.


## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court order the following relief:

1.     Enter an order certifying a collective action pursuant to §216(b) for violations of
the FLSA.

2.     Enter an order certifying Plaintiffs and all employees similarly situated to them as
a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the Maine
Minimum Wage and Overtime Law.

3.     Order Defendant Oakhurst to pay all damages to which the named Plaintiffs and
class members may be entitled, including unpaid overtime compensation, liquidated damages,
and pre- and post-judgment interest.

4.     Order Defendant Oakhurst to pay costs and reasonable attorneys' fees.

5.     Award such additional relief as the Court deems appropriate.

Dated:  February 12, 2015                Respectfully submitted,


                                         /s/ Jeffrey Neil Young
                                         Jeffrey Neil Young
                                         JOHNSON, WEBBERT & YOUNG, LLP
                                         160 Capitol St., Suite 3
                                         Augusta, ME 04332
                                         Telephone:  (207) 623-5110
                                         Email:  jyoung@johnsonwebbert.com


                                         /s/ Carol J. Garvan
                                         Carol J. Garvan
                                         JOHNSON, WEBBERT & YOUNG, LLP
                                         160 Capitol St., Suite 3
                                         Augusta, ME 04332
                                         Telephone:  (207) 623-5110
                                         Email:  cgarvan@johnsonwebbert.com


                                         Attorneys for Plaintiffs

**Certificate of Service**

I, Jeffrey Neil Young, hereby certify that on February 12, 2015, I electronically filed this Plaintiffs' Second Amended Class and Collective Action Complaint and Demand for Jury Trial with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following counsel for Defendants: Patrick F. Hulla, Esq. at patrick.hulla@ ogletreedeakins.com and Danielle Y. Vanderzanden at dani.vanderzanden@ogletreedeakins.com.

*/s/ Jeffrey Neil Young*       
Jeffrey Neil Young

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **CHRISTOPHER O'CONNOR, KEVIN O'CONNOR, JAMES ADAM COX, MICHAEL FRASER, and ROBERT McNALLY, on behalf of themselves and all others similarly situated,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No. 2:14-cv-00192-NT** |
| v. | ) ) | |
| **OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA, INC.,** | ) ) ) | |
| Defendants. | ) ) | |

### JOINT MOTION FOR
### PRELIMINARY REVIEW OF PROPOSED CLASS SETTLEMENT
### AND FOR ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS,
### DIRECTING DISTRIBUTION OF CLASS NOTICE,
### SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT, AND
### APPOINTING SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES

The parties respectfully move, under Federal Rule of Civil Procedure 23, that the Court conduct a preliminary review of their proposed class settlement,[1] and issue an Order preliminarily certifying the Action as a Rule 23(b)(3) class action for settlement purposes, directing distribution of notice, setting a hearing date for final approval of the Settlement, and appointing Plaintiffs' Counsel as class counsel.

### I.    PRELIMINARY STATEMENT

During multiple days of mediation with an experienced mediator and ultimately a Judicial Settlement Officer of  this Court, the parties negotiated at arm's length and achieved the Settlement of claims made in this Action brought by the Named Plaintiffs on their own behalf, and on behalf of the Settlement Class. The Settlement falls within the range of possible (if not

---

[1] This Motion incorporates by reference the definitions of the capitalized terms as set forth in the Settlement Agreement attached as Exhibit 1.

probable) final approval. Considering the risks of proceeding through trial, including pending motions and additional contemplated summary judgment proceedings regarding complex issues of state law, the Settlement represents a good resolution of a vigorously litigated case. Furthermore, counsel for the parties conducted fulsome investigations of the legal and factual claims and defenses at issue in this Action. Although the parties believe in the merits of their respective claims and defenses, they also recognize they would face substantial challenges regarding matters of proof involving liability and damages in this Action. Furthermore, the parties and their counsel recognize that any outcome could be appealed, putting them at risk, or otherwise delaying resolution. Consequently, the parties have concluded the Settlement is fair and reasonable and is in the parties' best interests.

After years of contested litigation, including extensive motion practice and discovery, and with the assistance of Mark Irvings and the Honorable John Nivison, the parties reached a compromise. Moreover, each of the Named Plaintiffs was deposed, and information about the Settlement Class's wages and hours worked were produced and carefully analyzed.

Under the Settlement Agreement, Defendants shall pay into a Global Settlement Fund the amount of $5,000,000.00, plus an additional amount estimated to be necessary to cover the employer share of wage-related taxes for payments under the Settlement Agreement. The Global Settlement Fund shall be administered by a third-party selected by Named Plaintiffs, and the Settlement Administrator shall estimate the wage-related taxes, distribute notice to Settlement Class Members, and otherwise administer the Settlement, including receiving and reporting on any opt-out or objection notices. Plaintiffs' Counsel will apply to the Court for an order approving payment of their fees for prosecuting the Action, not to exceed 33 1/3% of $5,000,000.00, as well as costs and expenses incurred on behalf of the Settlement Class. The

Settlement Administrator's fees, and Service Awards payable to the Named Plaintiffs not to exceed the aggregate amount of $50,000 (if approved by the Court), will also be paid from the Global Settlement Fund.

With allowances for the foregoing payments, the Global Settlement Fund will be allocated to the Settlement Class Members. Each Settlement Class Member will be allocated an initial minimum settlement amount of the Net Settlement Fund according to the following formula determined by the Named Plaintiffs: The "Individual Overtime Owed" multiplied by the "Recovery Percentage," except that each Settlement Class Member will be entitled to a minimum of $100.

- The "Individual Overtime Owed" to each Settlement Class Member is calculated as the hours worked over forty per week by the Settlement Class Member for each week between May 5, 2008 and August 29, 2012, multiplied by 1.5 times the Settlement Class Member's regular rate of pay. The "hours worked" for each Settlement Class Member is based on Defendants' daily scan-in/scan-out time records for each Settlement Class Member, except that when a Settlement Class Member received a non-zero paycheck for compensable work in a given workweek but Defendants did not produce time records for that week, the class-wide average weekly overtime pay is imputed for that week. The "regular rate of pay" for each Settlement Class Member is an hourly rate of pay based on Defendants' weekly pay records and daily time records for the Settlement Class Member.

- The "Recovery Percentage" is calculated as the "Net Settlement Fund" divided by the total "Individual Overtime Owed" to all Settlement Class Members as calculated above.

As set forth in the Settlement Agreement, any such amounts will be recalculated and increased as necessary to account for Settlement Class Members who, despite the Settlement Administrator's due diligence, cannot be located, or who do not timely negotiate any checks submitted to Settlement Class Members. Settlement Class Members will be given 60 days to opt-out or object to the Settlement by means specified in the Notice. If 7.5% or more of the Settlement Class Members opt out of, or revoke participation in, the Settlement, Defendants shall have the right to rescind the Settlement and the Settlement Agreement, which upon such rescission will be deemed null and void. Attached as Exhibit A to the Settlement Agreement is a proposed Notice of Settlement.

## II.    ARGUMENT

### A.    The Proposed Settlement Of The Action Should Be Preliminarily Reviewed.

Federal Rule of Civil Procedure 23(e) provides the following framework for the approval required before a class action settles: (1) the court must direct notice in a reasonable manner to all class members who would be bound by the proposed settlement; (2) the court may approve a settlement that would bind class members only after a hearing and finding that it is "fair, reasonable, and adequate;" (3) the parties seeking approval must file a statement identifying any agreement made in connection with the proposal; (4) if the class action was previously certified under Rule 23(b)(3), the court may refuse approval of a proposed settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to opt out but did not do so; and (5) any class member may object to the proposed settlement if it

requires approval under Rule 23(e) and such objection may be withdrawn only with the court's approval. Fed. R. Civ. P. 23(e).

"Court approval of a Rule 23 class action settlement generally proceeds in two stages." *Michaud v. Monro Muffler Brake, Inc.*, 2:12-cv-00353-NT, 2015 U.S. Dist. LEXIS 32526, at *23-24, 2015 WL 1206490, at*8 (D. Me. March 17, 2015) (citing *Manual for Complex Litigation* (Fourth) § 21.632 (2011)). "First, counsel submits the terms of the proposed settlement, and the court makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and directs notice to class members on the certification, proposed settlement, and date of the final fairness hearing." *Id.* (internal punctuation and citation omitted). The court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "Generally, courts have recognized a presumption of fairness for settlements that are deemed to be the result of arm's-length negotiations following meaningful or sufficient discovery." *Sylvester v. CIGNA Corp.*, 369 F. Supp. 2d 34, 44-45 (D. Me. 2005)(internal quotations omitted); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009); *Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). "[P]olicy encourages settlements." *Id.* at 44.

"At this initial stage, the court's role is limited to deciding whether the proposed settlement appears to fall within the range of possible final approval." *Michaud*, 2015 WL 1206490 at *8. (internal punctuation and citation omitted). If the court finds the settlement meets that standard, notice of the proposed settlement is ordered distributed to the class members. *Id.* at 9. Notice must be "reasonably calculated to reach the class members and inform them of the

existence of and the opportunity to object to the settlement." *Id.* at *10 (quoting *Nilsen v. York Cnty.*, 382 F. Supp. 2d 206, 210 (D. Maine 2005).

Second, following notice to the class, "the court holds a fairness hearing where the settlement proponents must demonstrate that the proposed settlement is fair, reasonable, and adequate." *Michaud*, 2015 WL 1206490, at *8 (internal punctuation and citation omitted). "Typically, a court's final approval of a class action settlement involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Id.* (internal punctuation and citation omitted). "The following factors are relevant for a court evaluating whether to approve a Rule 23 settlement: (1) comparison of the proposed settlement with the likely result of litigation; (2) stage of the litigation and the amount of discovery completed; (3) reaction of the class to the settlement; (4) quality of counsel; (5) conduct of the negotiations; (6) prospects of the case, including risk, complexity, expense and duration." *Id.* (internal quotation omitted).

Because the proposed settlement falls within the range of possible final approval, the Court should direct notice of the proposed settlement to the Settlement Class Members. In particular, the Settlement was, with the assistance of a highly respected mediator and a Judicial Settlement Officer from this Court, negotiated at arm's length by qualified counsel. Moreover, the Settlement falls within a possible, if not probable, range of outcomes as determined by the parties' counsel after significant formal and informal discovery, as well as fiercely contested litigation. Accordingly, the Settlement is undeniably "fair, reasonable, and adequate" and appropriately reflects the risks and costs of further litigation. *See Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000) ("When the parties' attorneys are experienced and knowledgeable about

the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight.").

At the hearing preceding final approval, Settlement Class Members who have timely submitted notices regarding objections to the Settlement may have an opportunity to be heard. After considering any such objections, and the arguments and evidence submitted by proponents of the Settlement, the Court may consider the matter and determine whether to grant final approval.

**B.**     <u>**The Action Should Be Certified Under Rule 23 For Settlement Purposes**</u>.

An action can be settled as a class action that binds absent class members only if it is first certified as a class action under Rule 23. *See* Fed. R. Civ. P. 23. Certification of an action requires that it meet the requirements of Rule 23(a) and one of the types of class actions described in Rule 23(b) for settlement purposes. *Id.*; *Michaud*, 2015 WL 1206490 at *2. This Action satisfies the requirements of Rule 23 such that it may be certified for settlement purposes.[2]

Rule 23(a) requires the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The "numerosity" requirement does not mandate any strict numerical cutoff for class certification. *Michaud*, 2015 WL 1206490 at *2. Furthermore, "impracticability does not mean

---

[2] Defendants note they have objected to class certification. However, for the sole purpose of facilitating settlement, Defendants do not contest the Named Plaintiffs' arguments for class certification as summarized herein, and, if the Settlement is not, for any reason, finalized, Defendants reserve the right to subsequently contest the propriety of certification.

impossibility, but only the difficulty or inconvenience of joining all members of the class." *Id.* (internal punctuation and citation omitted). Courts in the First Circuit "have generally found that a class of 40 or more individuals satisfies the numerosity requirement." *Id.* This requirement may be loosened "where a class contains employees suing their present employer . . . because class members may be unwilling to sue their employer out of fear of retaliation." *Id.* (internal punctuation and citation omitted). This case thus easily satisfies the numerosity requirement, as there are about 127 Putative Class members, some of whom remain employed by a Defendant. *Id.*

The "commonality" element requires the Putative Class members' claims "must depend upon a common contention" and one "that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 3 (quoting *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011)). Named Plaintiffs' common claim that Defendants failed to pay overtime to them and the Putative Class members for each hour worked over 40 in a week is central to all Settlement Class Members' claims.

The "typicality" requirement "is satisfied when the representative plaintiff's injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *Michaud*, 2015 WL 1206490 at *3 (internal quotation omitted). Named Plaintiffs, like the other Settlement Class Members, claim to have been injured by not receiving overtime they were owed.

The adequacy requirement "serves to uncover conflicts of interest between the named parties and the class they seek to represent." *Id.* at 4 (internal quotation omitted). "Here, the

interests of the named plaintiffs align with the members of the class[] they seek to represent" in the settlement class. *Id.*

Rule 23(b)(3) requires that questions or facts common to class members predominate over questions only affecting individual Settlement Class Members. Fed. R. Civ. P. 23(b)(3). Moreover, a class action must be "superior to other available methods for fairly, and efficiently, adjudicating the controversy," considering: "(A) the class members' interests in individually controlling the prosecution . . . of separate actions; (B) the extent . . . of any litigation concerning the controversy already begun by . . . class members; [and] (C) the desirability . . . of concentrating the litigation in the particular forum.[3] *Id.* Common questions predominate here because all claims arise from the same practice of treating Settlement Class Members as if they were not eligible for overtime. *See Michaud*, 2015 WL 1206490 at *4. Although damage awards could have varied due to, among other things, the amount of overtime worked, individualized damages determinations are not predominance-defeating, particularly when they can be resolved with payroll records. *Id.* The superiority requirement is met because the class action will resolve all claims in a single proceeding in a forum already familiar with the facts and theories of the case, there are no pending individual suits, and there is no indication in the record that Settlement Class Members are interested in bringing separate actions. *Id.* at 5.

### C. <u>The Proposed Notice of Settlement Should Be Approved.</u>

Rule 23(c) requires that the "best notice that is practicable under the circumstances" must be sent to the Settlement Class Members. The notice must inform them: of the nature of the action; the definition of the certified class; the class's claims; that notice recipients may enter an

---

[3] For purposes of a certification of a settlement class, the Court need not consider the Rule 23(b)(3)(D) factor of the likely difficulties in managing a class action because there are no trial management issues to consider. *Curtis v. Scholarship Storage*, No. 2:14-cv-303-NT, 2016 U.S. Dist. LEXIS 9001 at * 8 n.1 (D. Me. January 25, 2016) (citation omitted).

appearance through an attorney; that the Court will exclude any member who opts out; the time and manner for requesting exclusion; and of the binding effect of a class-wide judgment. In the context of class action settlements, Rule 23(e) also requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal" for settlement, dismissal, or compromise. Any such notice must be "reasonably calculated to reach the class members and inform them of the existence of and the opportunity to object to the settlement." *Michaud*, 2015 WL 1206490 at *10 (internal punctuation and citation omitted).

The proposed Notice of Settlement accomplishes all these requirements. In particular, it defines the Settlement Class; clearly describes the options available to Settlement Class Members (*i.e.*, to object, participate, or opt out) and the deadlines for taking any related actions; describes the material terms of the Settlement; discloses any special benefits provided to the class representatives (*i.e.*, Service Awards); provides information about Plaintiffs' counsel and the requested attorneys' fees; indicates the time and place of the hearing to consider final approval of the Settlement; explains the procedures for allocating and distributing the Net Settlement fund; estimates each Settlement Class Member's allocation of the Net Settlement Fund; prominently displays the Settlement Administrator's phone number; and explains how to make inquiries about the Settlement.

Because the proposed Notice of Settlement meets the articulated legal standard, it should be approved for distribution to the Settlement Class.

### D.     Named Plaintiffs' Counsel Should Be Appointed Class Counsel.

Rule 23(g)(2)(4) directs the Court to appoint counsel who will "fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g). Per the Rule, when appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating

potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* The court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

Named Plaintiffs' counsel Jeffrey Neil Young, David Webbert, and Carol Garvan are experienced in class litigation, have committed substantial time and resources to this Action, and should be appointed, for purposes of the Settlement, as class counsel. *See* Docs. 164-10, 167, 168. Furthermore, the Named Plaintiffs should be designated as class representatives.

### E. A Final Fairness Hearing Should Be Scheduled.

If the court certifies the Named Plaintiffs' claims as a class action for purposes of effectuating the parties' Settlement and approves the proposed notice of settlement, the parties respectfully ask the Court to schedule, no earlier than 90 days from the date of the order directing notice to the Settlement Class Members, a hearing to determine if the Settlement should be finally approved.

## III. CONCLUSION

For all of these reasons, the parties respectfully ask the Court to certify, for settlement purposes, the Named Plaintiffs' claims as a class action, direct Notice of the proposed Settlement to the Settlement Class Members, and grant the further relief as requested.

Date: February 8, 2018

Respectfully submitted,

/s/ David G. Webbert
Jeffrey Neil Young
David G. Webbert
Carol J. Garvan
JOHNSON, WEBBERT & YOUNG, LLP
160 Capitol St., Suite 3
Augusta, ME 04332
Tel: (207) 623-5110
jyoung@johnsonwebbert.com
dwebbert@johnsonwebbert.com
cgarvan@johnsonwebbert.com

*Attorneys for Plaintiffs*

/s/ Frederick B. Finberg
Frederick B. Finberg, Esquire
THE BENNETT LAW FIRM, P.A.
121 Middle Street, Suite 300
Portland, ME 04101
(207) 773-4775
rfinberg@thebennettlawfirm.com

and

Patrick F. Hulla *(pro hac vice)*
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
pat.hulla@ogletreedeakins.com
jennifer.oldvader@ogletreedeakins.com

and

Danielle Y. Vanderzanden, #9757
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone: 617.994.5700
Fax: 617.994.5701
dani.vanderzanden@ogletreedeakins.com

*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on February 8, 2018 I electronically filed this document with
attachments with the Clerk of the Court using the CM/ECF system which will send notification
of such filing to all counsel of record.

_/s/ David G. Webbert_ _____
David G. Webbert

**Exhibit 1**

## SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, Plaintiffs Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally ("Named Plaintiffs"), individually, and on behalf of a certified class of other persons, and Defendants Oakhurst Dairy and Dairy Farmers of America, Inc. ("Defendants") have entered into this Settlement Agreement and Release ("Settlement Agreement") to settle all issues between them. The signatories to this Settlement Agreement are jointly referred to as the "Parties." The interpretation of this Settlement Agreement shall be governed by the statutes and common law of Maine, excluding any that mandate the use of another jurisdiction's laws.

## RECITALS

WHEREAS, in *Christopher O'Connor, et al. v. Oakhurst Dairy, et al., United States District Court for the District of Maine, Case No. 2:14-cv-00192-NT*, employees of Defendant Oakhurst Diary who worked as delivery drivers assigned to work at an Oakhurst location in Maine between May 5, 2008 and August 29, 2012 have raised individual and class claims of allegedly unpaid overtime and untimely paid wages on behalf of themselves and others ("the Action").

WHEREAS, the Named Plaintiffs and Defendants have litigated this Action by participating in extensive motion practice and discovery (including depositions of the Named Plaintiffs, exchanges of documents, data and other information) and by twice mediating the matter over the course of several days with the assistance of mediator Mark Irvings and ultimately with a Judicial Settlement Officer, the Honorable John C. Nivison.

WHEREAS, Plaintiffs' Counsel have investigated the facts relating to the claims alleged in this Action and have concluded that there are numerous disputed issues of fact and law

relating to the claims asserted in this Action, there will be expense and time necessary to prosecute this Action through trial, as well as risks, uncertainty, and costs of further prosecution, the relative benefits conferred upon the Settlement Class Members under this Settlement Agreement are substantial, and thus the Settlement on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

WHEREAS, Defendants deny Plaintiffs' allegations, and further deny any wrongdoing, or legal liability, arising from any facts or conduct alleged in the Action, but have concluded further litigation would be protracted, expensive, and would divert management and employee time and attention, there are uncertainties and risks inherent in the Action, and it is appropriate to fully and finally settle the Action in the manner, and upon the terms, set forth in this Settlement Agreement, so long as neither this Settlement Agreement, nor any document referred to or contemplated in this Settlement Agreement, nor any action taken to carry out this Settlement Agreement, may be construed as, or may be used as, an admission, concession, or indication by, or against, Defendants, of any fault, wrongdoing, or liability of any kind, and the Settlement Agreement shall not be disclosed, referred to, or offered into evidence against Defendants in any further proceeding in this Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of approving, interpreting, or enforcing the Settlement.

NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the Parties, subject to the approval of the Court, that the Action shall be settled, under the following terms and conditions:

## DEFINITIONS

Wherever used in this Settlement Agreement, and in all of its exhibits, the terms set forth below shall have the following meanings:

1.  The "Settlement Class" or "Settlement Class Members" means: Named Plaintiffs and all current and former Route Sales Drivers assigned to work at an Oakhurst location in Maine who performed compensable work as employees of Oakhurst Dairy between May 5, 2008 and August 29, 2012 and received from Oakhurst Dairy at least one non-zero dollar check for compensable work during that time period. The total number of class members is about 127.

2.  "Named Plaintiffs" means Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser and Robert McNally.

3.  "Plaintiffs' Counsel" means Jeffrey Neil Young, David G. Webbert, and Carol J. Garvan of Johnson, Webbert & Young, LLP.

4.  "Complaint" means the operative complaint filed in this Action.

5.  "Class Period" refers to the period from May 5, 2008 to August 29, 2012.

6.  "Court" means the United States District Court of the District of Maine.

7.  "Final Approval Order" means the Court's Order Granting Final Approval of Class Action Settlement.

8.  "Final Approval Hearing" means the hearing set by the Court at which it shall consider the Settlement, arguments, and evidence that may be presented by the proponents of the Settlement, and arguments and evidence that may be presented by any objectors to the Settlement.

9.  "Global Settlement Fund" means the gross settlement amount of Five Million Dollars and 00/100 Cents ($5,000,000.00), which is the total amount of funds available in

Settlement for: (1) payment to Settlement Class Members, including any Service Award for the Class Representatives, (2) payment to Class Counsel for attorneys' fees, expenses, and costs, and (3) payment for settlement administration costs. The Global Settlement Fund will also include an additional amount estimated by the Settlement Administrator needed to cover the employer share of employment taxes (but not income taxes) related to the Settlement Awards allocated to W-2 wages and Defendants shall be responsible for funding all such estimated employment taxes (but not income taxes).

10.     "Net Settlement Fund" means the amount available for payments to Settlement Class Members, after deducting all attorneys' fees, costs, expenses; Service Awards; and Settlement Administrator costs.

11.     "Settlement" means the parties' resolution of the matter as to the Settlement Class Members.

12.     "Released Person(s)" means Defendants, all current and former parents, siblings, subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, members, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors.

13.     "Plan of Allocation" means the formula for calculating each Located Settlement Class Members' Settlement Award from the Net Settlement Fund. Each Settlement Class Member will be allocated an initial minimum settlement amount of the Net Settlement Fund according to the following formula determined by the Named Plaintiffs: The "Individual Overtime Owed" multiplied by the "Recovery Percentage," except that each Settlement Class

Member will be entitled to a minimum of $100.

- The "Individual Overtime Owed" to each Settlement Class Member is calculated as the hours worked over forty per week by the Settlement Class Member for each week between May 5, 2008 and August 29, 2012, multiplied by 1.5 times the Settlement Class Member's regular rate of pay. The "hours worked" for each Settlement Class Member is based on Defendants' daily scan-in/scan-out time records for each Settlement Class Member, except that when a Settlement Class Member received a non-zero paycheck for compensable work in a given workweek but Defendants did not produce time records for that week, the class-wide average weekly overtime pay is imputed for that week. The "regular rate of pay" for each Settlement Class Member is an hourly rate of pay based on Defendants' weekly pay records and daily time records for the Settlement Class Member.

- The "Recovery Percentage" is calculated as the "Net Settlement Fund" (defined above) divided by the total "Individual Overtime Owed" to all Settlement Class Members as calculated above.

14. "Located Settlement Class Member" means each Settlement Class Member for whom the Administrator verifies a current mailing address.

15. "Opt-out" means a Settlement Class Member who, in accordance with this Settlement Agreement, excludes himself from the Settlement Class and the Settlement, and does not subsequently, in accordance with this Settlement Agreement, rescind that exclusion.

16. "Released Claims" means any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, arising on, or

before, the date of the execution of this Settlement Agreement (the "Release Period"), that were, or could have been, raised in the Action relating to unpaid and/or untimely payment of overtime, wages, or compensation of any kind, including any claims for liquidated damages, attorneys' fees, costs, expenses, penalties, interest, Settlement Administrator costs, and Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under the Fair Labor Standards Act, the Maine Minimum Wage and Overtime Law, 26 M.R.S. §§ 661 *et seq.*, state, municipal, local, or common laws, rules, and regulations.

17.    "Settlement Administrator" means, subject to approval by the Court, KCC Class Action Settlement Administration.

18.    "Settlement Award" means the gross payment a Located Settlement Class Member is entitled to under this Settlement Agreement.

19.    "Notice of Settlement" means the form that, subject to Court approval, will be provided per the terms of this Settlement Agreement to each Settlement Class Member to explain the Settlement process. The Notice of Settlement, attached hereto as Exhibit A, includes a summary of the Action, a summary of the Settlement terms, including the release, and an estimate of each Settlement Class Member's payment under the Settlement (calculated as if all Settlement Class Members will be receiving payment) and the factors used to calculate it, a description of how the member may opt-out of or object to the Settlement,  and contact information for the Settlement Administrator and Plaintiffs' counsel.

20.    "Effective Date" means the first day following the last of the following occurrences: (a) the issuance of the Court's Final Approval Order; (b)  if an objection has been made to final approval of the settlement, the date on which the objector's time to appeal the Final Approval Order has expired, with no appeal or other judicial review having been taken or sought;

or (c) if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

## NO ADMISSION OF LIABILITY BY DEFENDANTS

21.     Defendants deny liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Settlement Agreement is a compromise and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendants or the Released Parties, for any purpose, and under any circumstance. Defendants have not conceded any claims or defenses that were, or could have been, raised in the Action. The Parties merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.  The Settlement Class and Defendants expressly agree to undertake risks that intervening developments in the law may materially strengthen, or weaken, their respective claims and defenses in the Action, and they have agreed to resolve the Action despite such risks. This Settlement Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the approval, enforcement, or interpretation of this Settlement Agreement.

## CLASS CERTIFICATION

22.     For purposes of the Settlement only, Defendants consent to certification under Federal Rule of Civil Procedure 23 of a class comprised of Settlement Class Members. The Parties agree certification for settlement purposes is not an admission by Defendants that Rule 23 class certification would be proper absent the Settlement. For purposes of settling this lawsuit,

the Parties stipulate and agree the requisites for establishing class certification with respect to the Settlement Class Members have been, and are, met. If this Settlement Agreement, and the Settlement it memorializes, are not finally approved by the Court, or if any appeal materially changes the terms of this Settlement Agreement, then Defendants' consent to certify a class shall be withdrawn.

23.     For purposes of the Settlement only, Defendants similarly consent to Named Plaintiffs serving as class representatives and Plaintiffs' Counsel serving as class counsel.

## THE GLOBAL SETTLEMENT FUND

24.     Subject to Court approval and the terms of this Settlement Agreement, in consideration for the release of claims and other consideration set forth herein, Defendants will pay into the Global Settlement Fund a gross amount of $5,000,000.00, plus an additional amount to cover the estimated employer share of taxes for W-2 wages as estimated by the Settlement Administrator.

25.     Monies shall be returned from the Global Settlement Fund to Defendants only as follows: If, after final calculation of the employer's share of wage-related taxes for all Located Settlement Class Members, it is determined the estimated amount of such taxes paid by Defendants was higher than the actual amount owed by them, the amount Defendants overpaid into the Global Settlement Fund shall be returned to Defendants.  If one or more Located Settlement Class Members fail(s) to negotiate a payment within one-hundred eighty (180) days of issuance, and such amounts cumulatively are less than $15,000.00, such amounts shall be returned to Defendants to apply towards Federal Insurance Contribution Act costs related to the Settlement.  To the extent the amount of payments that Located Settlement Class Members fail to negotiate equals, or exceeds, $15,000.00, all such uncashed payments shall be turned over to the

State of Maine's unclaimed property fund. Whether or not a Located Settlement Class Member's Settlement Award check is negotiated, the Settlement Agreement, including its release of claims as set forth herein, shall remain binding on all Located Settlement Class Members.

## PAYMENT TO SETTLEMENT CLASS MEMBERS

26.     Subject to Court approval, Named Plaintiffs shall receive an aggregate award not to exceed $50,000.00 for their services as class representatives in the Action ("Service Awards"). The Service Awards shall be in addition to the share to which the Named Plaintiffs are otherwise entitled as Settlement Class Members, and shall be payable from the Net Settlement Fund.

27.     Subject to Court approval, each Located Settlement Class Member, who is not an Opt-out, shall receive a payment from the Net Settlement Fund according to the Plan of Allocation as defined above.

28.     For tax purposes, each Located Settlement Class Member's Settlement Award payment will be allocated as follows: (a) 33 1/3% of the Settlement Award will constitute as taxable back wage income paid under IRS Form W-2 and will be subject to ordinary payroll withholdings under federal and state law; and (b) 66 2/3% of the Settlement Award will constitute liquidated damages, which shall be taxable non-wage income paid under IRS Form 1099.

29.     Defendants will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, including by making estimated payments to the Global Settlement Fund, and will be responsible for the employer portion of any payroll taxes attributable to Settlement Agreement payments. The Settlement Class Members will be responsible for any tax liability arising from the allocation of the Gross Settlement Fund as attorneys' fees, costs, and expenses, Service Awards, taxable wage income,

and taxable non-wage income. Settlement Class Members indemnify and hold Defendants harmless from all of their respective tax obligations, (excluding any employer's share of F.I.C.A. deemed owed), penalties and attorneys' fees (including fees incurred in enforcing this provision), which arise from Defendants' agreement not to withhold state or federal income tax on certain sums paid in conjunction with this Agreement or arise from Settlement Claim Members' failure to pay their tax obligations in full.

30.     Payments made under this Settlement Agreement are not intended to, and will not form the basis for, nor shall they be considered wages for calculating or re-calculating additional contributions to, or benefits under, any benefit or compensation plans maintained by Defendants for the benefit of their employees and their beneficiaries.

31.     Payments to Settlement Class Members shall be issued by the Settlement Administrator, by way of negotiable instrument, from the Net Global Settlement Fund within the time provided by Paragraphs 50 and 51 below.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

32.     Defendants will not object to Plaintiffs' Counsel seeking an order from the Court directing payments to Plaintiffs' Counsel from the Global Settlement Fund for: (a) attorneys' fees in an amount not to exceed 33 1/3% of the Global Settlement Fund; and (b) reimbursement for reasonable costs and expenses actually expended by, or on behalf of, the Settlement Class including the cost of Settlement Administration. Any attorneys' fees, costs, and expenses approved by the Court will be paid from the Global Settlement Fund. Any amounts not approved will be allocated and paid to the Settlement Class Members by inclusion in the Net Settlement Fund for purposes of the Plan of Allocation.

33.    Payment to Plaintiffs' counsel, as provided in the immediately preceding paragraph, shall be issued, by the Settlement Administrator, from the Global Settlement Fund, within twenty-one (21) days of the Effective Date.

## RELEASE

34.    Upon the earlier of either (a) the Effective Date or (b) the date payments are issued to the Settlement Class Members in accordance with the Final Approval Order, each and every Settlement Class Member, other than Opt-outs, shall be deemed to, and shall actually have, released and discharged all Released Parties with respect to all Released Claims. This release shall remain binding on all Settlement Class Members, other than Opt-outs, regardless of whether they have negotiated any payment under this Settlement Agreement, or have been located by the Settlement Administrator.

35.    Each Settlement Class Member shall be deemed to, and shall actually have, knowingly and voluntarily, waived, released, discharged, and dismissed the Released Claims, with full knowledge of any and all rights they may have, and thereby assume the risk of any mistake in fact, or with regard to any facts which are now unknown to them.

36.    The signatories to this Settlement Agreement represent they are fully authorized to enter into, and bind, the Parties to the terms and conditions of this Settlement Agreement.

## SETTLEMENT ADMINISTRATION

37.    Plaintiffs' Counsel shall have the responsibility to designate the Settlement Administrator, and have designated KCC Class Action Settlement Administration. The Settlement Administrator's fees and expenses shall be paid from the Global Settlement Fund.

38.     No later than ten (10) days after the Parties file their proposed settlement in court, Defendants must serve notice of the proposed settlement with the appropriate federal and state officials in compliance with  28 U.S.C. § 1715(b).

39.     Within seven (7) business days after the Court's preliminary review and Order directing that notice of the proposed Settlement Agreement be issued to the Settlement Class Members, the Parties will provide to the Settlement Administrator, and each other, the name, last known U.S. mail and email addresses, and Social Security number for each Settlement Class Member.  The Settlement Administrator shall then compare the provided address to information available through the U.S. Postal Service, or a similar database, to determine if there is a more recent U.S. mail address for each Settlement Class Member.

40.     Within twenty (20) days after the Court orders that notice of this proposed Settlement Agreement be issued to the Settlement Class Members, the Settlement Administrator will send to each Settlement Class Member, by first-class U.S. mail, addressed to the most recent address as determined by the process described in the preceding paragraph, postage prepaid, a Notice of Settlement. To the extent e-mail notice is sent as part of the process of determining a current U.S. mail address, such e-mail notice will not provide an estimated payment to the Settlement Class Member under the Settlement, but instead, will direct the Settlement Class Member to contact the Settlement Administrator for additional information.  This process will utilize appropriate security protocol to allow the Settlement Administrator to confirm the identity of the Settlement Class Members. A copy of the Notice of Settlement is attached as Exhibit A.

41.     If any mailing directed at Settlement Class Members is returned by the U.S. Postal Service as undeliverable, within ten (10) days of such receipt, the Settlement Administrator shall reasonably utilize any additional, up-to-date practice to locate a current U.S.

mail address for those Settlement Class Members. The Settlement Administrator shall then send to Settlement Class Members, at the subsequently determined address, a Notice of Settlement.

42.     If, despite the required effort(s), the Settlement Administrator is unable to locate an accurate current U.S. mail address for a Settlement Class Member within ninety (90) days of the Court's order directing that notice of the proposed Settlement Agreement be issued to the Settlement Class Members, such Settlement Class Member shall not be considered when apportioning the Net Global Settlement Fund, and the formula for determining the other members' entitlement to their portions of the Net Global Settlement Fund shall be applied as if the Settlement Class Member who could not be found is not a Settlement Class Member, although such Settlement Class Member(s) shall remain bound by the Settlement Agreement and its release provisions.

## OPT-OUT PROCEDURES AND SETTLEMENT CLASS MEMBER OBJECTIONS

43.     As they shall be instructed in the Notice of Settlement, Settlement Class Members shall submit written objection(s) to, or a written request for exclusion from, the Settlement to be post-marked no later than forty-five (45) days from the mailing of the Notice of Settlement.

44.     To be valid, any request for exclusion shall be timely mailed to the Settlement Administrator, and must include a statement signed by the Settlement Class Member containing: a reference to Case No. 2:14-cv-000192; a statement to the effect that he or she wants to be excluded from the Settlement; his or her name; current address; and date of birth.

45.     To be valid, any objection(s) to the Settlement shall be mailed timely to the Settlement Administrator, and must include a statement signed by the Settlement Class Member containing: a reference to Case No. 2:14-cv-000192; a statement to the effect that he or she

objects to the Settlement; the basis (or bases) for the objection(s); his or her name; current address; date of birth; and whether they intend to appear at the Final Approval Hearing.

46.     The Settlement Administrator shall provide copies of all received requests to opt-out, and of all objections, to counsel for both parties. Plaintiffs' Counsel shall be responsible for proposing and submitting the necessary report to the Court regarding Opt-outs, objections, and requests to appear at the Final Approval Hearing.

47.     Any Settlement Class Member who wishes to rescind a properly submitted request for exclusion shall be instructed in the Notice of Settlement of the right and process for rescission.

48.     If 7.5% or more of the Settlement Class Members opt out without rescinding, Defendants shall have the unilateral right to rescind the Settlement such that: (1) Defendants' obligations under the Settlement will cease to have any force and effect; (2) the Settlement Agreement will be vacated, null, void, and canceled; (3)  the parties will return to the *status quo ante* as if they had not entered into a settlement; (4) the Settlement, and all negotiations and agreements and proceedings related to the Settlement, will be without prejudice to the rights of the parties; and (5) evidence of the Settlement, negotiations, and proceedings will be inadmissible and not discoverable.

## FINAL SETTLEMENT APPROVAL

49.     Prior to the Final Approval Hearing, counsel for Defendants will prepare and Plaintiffs' Counsel will approve, a joint motion for final approval of the Settlement. The joint motion for approval of the Settlement will request the following:

    a.     An Order Granting Final Approval to the Settlement, concluding the terms of the Settlement to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.      An Order approving Class Counsels' fees, costs, and expenses;

c.      An Order approving Service Awards to the Class Representatives;

d.      An Order approving payment for services by the Settlement Administrator;

e.      An Order dismissing the Action on the merits, with prejudice, in accordance with the terms of this Settlement Agreement;

f.      An Order declaring all Settlement Class Members (except those who affirmatively opt-out per the Settlement Agreement) are bound by the release of claims described in this Settlement Agreement; and

g.      An Order reserving jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement, and over the administration and distribution of payments under the Settlement.

## **DISTRIBUTION OF SETTLEMENT PAYMENTS**

50.     Within fourteen (14) days after the issuance of the Court's Final Approval Order, Defendants must pay all amounts due into the Global Settlement Fund. These amounts paid into the Global Settlement Fund must remain in the Fund and must not be distributed until after the Effective Date, except that if all appeals are limited to issues other than the payments due to Settlement Class Members such as the payment allocated to Plaintiffs' Counsel or the service awards, then the payments due to Settlement Class Members will be distributed as provided in Paragraph 51 below.

51.     Subject to the limitations in paragraph 50 above, within fourteen (14) days after Defendants pay all amounts due in the Global Settlement Fund, the Settlement Administrator shall: issue all payments due to Settlement Class Members under this Settlement Agreement by negotiable instrument, along with the appropriate W-2, W-9, and 1099 Forms.

## PUBLIC COMMENT

52.     Plaintiffs' Counsel and Defendants' Counsel agree not to publicize the Settlement, including but not limited to, issuing press releases, to a third party, but shall retain all other rights to discuss the Settlement with their respective clients, and Plaintiffs' Counsel shall retain the right to communicate with Settlement Class Members *via* non-public means, such as U.S. Mail or e-mail.  Plaintiffs' Counsel and Defendants' Counsel also agree that their response to any inquiries from the media about the Action, or the settlement of the Action, shall be limited to "we are pleased the matter was resolved to the satisfaction of all parties."

## NOTICES

53.     Unless otherwise specifically provided in this Settlement Agreement, all notices, demands, or other communications given under this Settlement Agreement shall be in writing, and shall be deemed to have been duly given as of the third business day after mailing by United States mail and by email, addressed as follows:

> To the Class Representatives or Settlement Class Members:
>
> Jeffrey Neil Young
> Johnson, Webbert & Young, LLP
> P.O. Box 79
> 160 Capitol Street, Suite 3
> Augusta, ME  04332
> jyoung@work.law
> dwebbert@work.law
> cgarvan@work.law
>
> To the Defendant:
>
> Patrick F. Hulla
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 4520 Main Street, Ste 400
> Kansas City, MI 64111
> Patrick.Hulla@ogletreedeakins.com and,

Frederick B. Finberg
The Bennett Law Firm, P.A.
121 Middle Street, Suite 300
Portland, Maine 04101
rfinberg@thebennettlawfirm.com

### MISCELLANEOUS

54.     If the Court unexpectedly rejects this Settlement Agreement, the Parties agree to work in good faith to resolve any differences they may have regarding any revised agreement to be re-submitted to the Court; if the parties are unable to resolve any such differences on their own, the parties further agree to reengage the Judicial Settlement Officer, the Hon. John C. Nivison, to attempt to resolve any disputes about the terms and conditions of any revised agreement to be re-submitted to the Court.

55.     The Parties agree to waive all appeals, and to stipulate to final certification of the Rule 23 claims, but only for purposes of implementing the Settlement.

56.     If there is a conflict between this Settlement Agreement and any other document related to the Settlement, the Parties intend for this Settlement Agreement to control.

57.     All of the Parties acknowledge they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

58.     The Parties agree to use their best, reasonable efforts, and to fully cooperate with each other to implement and effectuate the terms of this Settlement Agreement.

59.     This Settlement Agreement may be executed in counterparts, and when signed and delivered by at least one counterpart, each counterpart shall be deemed an original, and,

when taken together with other signed counterparts, shall constitute one agreement, which shall be binding on, and effective as to, all of the Parties.

60.    This Settlement Agreement shall be binding on, and inure to the benefit of, the successors of each of the Parties, including each Settlement Class Member who does not opt out of the Settlement.

61.    The Parties believe this is a fair, reasonable, and adequate Settlement Agreement, and have arrived at this Settlement Agreement after protracted litigation, and through considerable arm's-length negotiations (including with the final negotiations overseen by the Judicial Settlement Officer, the Honorable John C. Nivison), taking into account all relevant factors, both present and potential.

62.    The descriptive headings of any sections of this Settlement Agreement are inserted for convenience or reference only, and do not constitute a part of this Settlement Agreement.

## ENTIRE AGREEMENT

63.    This Settlement Agreement, entered into by the Named Plaintiffs, for themselves and all the Settlement Class Members, and Defendants, constitutes the entire agreement between the Parties concerning the subject matters addressed in this Settlement Agreement. No extrinsic, oral, or written representations or terms shall modify, vary, or contradict the terms of this Settlement Agreement.

64.    Except in writing, and signed by Plaintiffs' Counsel and Defendants' Counsel, this Settlement Agreement and its attachments may not be changed, altered, or modified.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:


Dated: _____, 2018          By: _____
                                       On behalf of Defendant Oakhurst Dairy


Dated: _____, 2018          By: _____
                                       On behalf of Defendant Dairy Farmers of America, Inc.


Dated: _____, 2018          By: _____
                                       Christopher O'Connor, Class Representative


Dated: _____, 2018          By: _____
                                       James Adam Cox, Class Representative


Dated: _____, 2018          By: _____
                                       Michael Fraser, Class Representative


Dated: _____, 2018          By: _____
                                       Kevin O'Connor, Class Representative


Dated: _____, 2018          By: _____
                                       Robert McNally, Class Representative


Dated: _____, 2018          By: _____
                                       Plaintiffs' Counsel

<u>*United States District Court For The District Of Maine*</u>

## Notice Of Class Action Settlement That Entitles You To Money

## If you worked for Oakhurst Dairy as a delivery driver assigned to work from an Oakhurst location in Maine between May 5, 2008 and August 29, 2012, you will get a payment from a class action settlement. Please Read This Notice Carefully.

*A federal Court authorized this notice. This is not a solicitation from a lawyer or an advertisement.*

You are NOT being sued. However, your legal rights may be affected.

### A. Why Did I Get This Notice?

You received this Notice because you are a "Settlement Class Member" covered by a proposed Settlement. Records show you worked as a Route Sales Driver assigned to work from an Oakhurst location in Maine for Oakhurst Dairy at some time between May 5, 2008 and August 29, 2012 (the "Class Period"). All who fall within that description are considered "Settlement Class Members" under the terms of this Notice.

A proposed class action settlement (the "Settlement") of the above-captioned case (the "Action") has been reached by the parties. The Court supervising the Action has directed that you be provided notice of proposed Settlement. On _____, a final approval hearing will be held by the Court to determine if the Settlement should be granted final approval.

**Under the Settlement, you are expected to receive a gross amount of $[individual class member share, subject to tax withholdings].** Unless you "opt out" of (that is to say, exclude yourself from) the Settlement, the Settlement affects your legal rights. The purpose of this Notice is to: (1) describe the Action; (2) inform you about the terms of the Settlement; and (3) inform you about your rights and options in connection with the Settlement.

If you choose to participate in the Settlement, object to the Settlement, or opt out of the Settlement Class, Oakhurst Dairy will not punish, retaliate, or otherwise discriminate against you.

### B. What Is this Lawsuit About and Why Did It Settle?

The Action involves claims under Maine law that Route Sales Drivers who worked more than 40 hours a week during the Class Period were unlawfully denied overtime and were entitled to additional damages due from Defendants. The Named Plaintiffs, Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally (the "Named Plaintiffs"), brought those claims for themselves, and on behalf of other Settlement Class Members.

Defendants denied Route Sales Drivers were entitled to overtime and any additional damages.

Due to the uncertainty of the potential outcome of the Action, the parties agreed to the Settlement.

The Court has directed that you be provided with notice of the proposed Settlement. The Court preliminarily has approved (1) Named Plaintiffs as representatives of the Settlement Class Members and (2) lawyers from the law

firm of Johnson, Webbert & Young, LLP, who have prosecuted the Action on behalf of the Named Plaintiffs, to serve as the Settlement Class Members' counsel ("Class Counsel").

The Court also scheduled a Final Approval Hearing regarding the Settlement, which will be held at _____ on _____, 2018, in Courtroom _____, of the United States District Court for the District of Maine, located at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101. During that hearing, the Court will determine if the Settlement should be given its final approval. The date of the Final Approval Hearing may be changed without notice to you.

## Summary of Settlement Terms

### C. What Does The Settlement Provide And How Much Will I Be Paid?

To fully resolve the Action, Defendants have agreed to pay a total of $5,000,000.00 ("the Global Settlement Fund"). In exchange for this payment, the Defendants will receive a release of any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, arising on, or before, the date of the execution of the Settlement Agreement (the "Release Period"), that were, or could have been, raised in the Action relating to unpaid and/or untimely payment of overtime, wages, or compensation of any kind, including any claims for liquidated damages, attorneys' fees, costs, expenses, penalties, interest, Settlement Administrator costs, and Service Awards, and any other monetary claims related to the payment of wages, including any claims arising under the Fair Labor Standards Act, the Maine Minimum Wage and Overtime Law, 26 M.R.S. §§ 661 *et seq.*, state, municipal, or local laws, or common law.

The Global Settlement Fund includes the following payments, subject to final Court approval:

- <u>Payments to Settlement Class Members</u>. If the Court gives final approval to the Settlement, all Settlement Class Members who have not "opted out" of the Settlement will be mailed a check for their respective share of the Net Settlement Fund, which is the Global Settlement Fund, less all attorneys' fees, costs, and expenses; Service Awards; and Settlement Administrator costs. An estimation of your share of the Settlement, and the factors used to derive it, are described below.
- <u>Settlement Administration</u>. Payment to a third-party settlement administrator (the "Settlement Administrator") KCC Class Action Settlement Administration, chosen by Named Plaintiffs, for the expenses associated with administering the Settlement.
- <u>Attorneys' Fees, Costs, and Expenses</u>. Payment to Class Counsel for reasonable fees associated with the work they performed, and will continue performing through finalization of the Settlement, on behalf of the Settlement Class Members, not to exceed 33 1/3% of the Settlement Amount, as well as Class Counsel's reasonable costs and expenses actually expended on behalf of the Settlement Class Members.
- <u>Service Awards</u>. An award, not to exceed a total of $50,000, to be divided among the Named Plaintiffs for services on behalf of the Settlement Class Members in pursuing the Action; this payment is in addition to whatever payments the Named Plaintiffs are entitled to as Settlement Class Members.

**Calculation of Your Share of the Net Settlement Fund**. The Net Settlement Fund shall be divided among the Settlement Class Members, including Named Plaintiffs, according to the following formula: The "Individual Overtime Owed" multiplied by the "Recovery Percentage," except that each Settlement Class Member will be entitled to a minimum of $100.

- The "Individual Overtime Owed" to each Settlement Class Member is calculated as the hours worked over forty per week by the Settlement Class Member for each week between May 5, 2008 and August 29, 2012, multiplied by 1.5 times the Settlement Class Member's regular rate of pay. The "hours worked" for each Settlement Class Member is based on Defendants' daily scan-in/scan-out time records for each Settlement Class Member, except that when a Settlement Class Member received a non-zero paycheck for compensable work in a given workweek but Defendants did not produce time records for that week, the class-wide average weekly overtime pay is imputed for that week. The "regular rate of

2

pay" for each Settlement Class Member is an hourly rate of pay based on Defendants' weekly pay records and daily time records for the Settlement Class Member.

- The "Recovery Percentage" is calculated as the "Net Settlement Fund" divided by the total "Individual Overtime Owed" to all Settlement Class Members as calculated above.

**Your estimated gross share of the Net Settlement Fund is $[individual class member share].**

### D. How Will My Payment Be Taxed?

For Class Members, one-third of each payment (other than Service Awards that may be paid to the Named Plaintiffs) shall be paid as taxable wage income under IRS Form W-2 that is subject to withholding, and two-thirds shall be paid as taxable non-wage income, attributed to liquidated damages, under IRS Form 1099 and shall not be subject to ordinary payroll withholding for wages. For some Class Members, a signed IRS Form W-9 may be needed if their Tax ID Number is not readily verifiable, and that form will be sent to those class members by the Administrator. Except for the employer share of wage payments under IRS Form W-2, Named Plaintiffs shall be responsible for any liability arising from the allocation of the Settlement Amount as among attorneys' fees, costs, and expenses, Service Awards, taxable wage income, and taxable non-wage income, and Class Members shall be liable for any taxes on the amounts they receive.

### E. What are the Conditions of Settlement?

For the Settlement to be effective, the Court must issue a final order approving the Settlement. Before issuing such an order, the Court will hold a hearing to determine the fairness of the Settlement. If more than 7.5% of the Settlement Class Members decide to opt out of the Settlement, Defendants retain the right to cancel the Settlement.

### F. How Will I Receive Money From The Settlement

If you do not opt out of the Settlement, and the Court gives final approval to the Settlement, you will be mailed a check to your last known address (which was used when sending this Notice). If you have an updated address, please contact the Settlement Administrator, KCC Class Action Settlement Administration, whose address is listed below.

### G. How Do I Exclude Myself ("Opt Out") From the Settlement?

If you do not want to participate in the Settlement, you may exclude yourself by "opting out." **If you opt out, you will receive no money from the Settlement, and you will not be bound by its terms**. To opt out, you must send the Administrator a signed, written request via First Class U.S. mail, post-marked and mailed no later than [insert date 45 days from date of notice], stating: a reference to Case No. 2:14-cv-000192; words to the effect that you want to opt out of – *i.e.* to be excluded from – the Settlement; your name; your current address; and your date of birth. **Settlement Class Members who submit untimely, incomplete, or unsigned statements, or statements that do not clearly indicate a desire to opt out of the Settlement, will be bound by the Settlement and its release of claims, and will receive money under the Settlement**.

If you send an opt-out request to the Settlement Administrator and then change your mind, you can do so, but only if you send your request to "rescind" your opt-out statement by sending a signed statement to the Administrator, by First Class U.S. mail, with proper postage affixed, post-marked and mailed to KCC Class Action Settlement Administration, whose address is listed below, stating words to the effect that you still want to participate in the Settlement and you are rescinding your prior opt-out statement.

3

### H. How Do I Object to the Settlement?

If you are a Class Member who has not opted out, or who has rescinded a prior opt-out, but believe for any reason the Settlement should not be approved by the Court, you may object to the proposed Settlement. Objections must be in a signed writing stating: a reference to Case No. 2:14-cv-000192; words to the effect that you object to the Settlement; the bases for any objection; your name; your current address; your date of birth; and whether you intend to appear at the Final Approval Hearing. Objections must be sent to the Settlement Administrator by First Class U.S. mail, with proper postage affixed, post-marked and mailed by [insert date 45 days from date of notice]. If you, or your attorney, want to appear and be heard at the final approval hearing, you should also include in your objections your request to appear at the hearing. You may not be allowed to present any argument, or comment, at the final approval hearing unless you have timely objected to the Settlement and asked to appear.

### The Court's Fairness Hearing about the Settlement

### I. When Is the Fairness Hearing?

The final approval hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _____ on _____, 2018, in Courtroom ____, of the United States District Court for the District of Maine, located at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101. **You are not required to attend the hearing**, although any Settlement Class Member is welcome to attend or have your attorney attend. The date of the Final Approval Hearing may be changed without notice to you and so you should contact Class Counsel at the contact information below.

### J. How Can I Get Additional Information

This Notice is only a summary of the Action and the Settlement. If you have any concerns or questions about the Settlement, you should contact the Settlement Administrator or Class Counsel whose address and phone are listed below. You also have a right to see the pleadings and other papers filed in the Action, and they may be requested from the Settlement Administrator or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at http://www.med.uscourts.gov/, or by visiting the Federal District Court District of Maine between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**Please Do Not Contact The Judge, The Clerk Of The Court, Or Anyone Else At The Court With Questions About This Notice Or The Settlement. All Questions About This Notice Or The Settlement Should First Be Directed To The Administrator, KCC Class Action Settlement Administration, at *O'Connor v Oakhurst* Settlement Administrator, PO Box 404041, Louisville, KY 40233-4041, Phone: (866) 677-0778 or Class Counsel, Jeffrey Neil Young, Johnson, Webbert & Young, LLP, at PO Box 79, 160 Capital Street, Suite 3, Augusta, ME 04330, Phone: (207) 623-5110.**

**Date: _____, 2018.**

**Attachment 3**

**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| CHRISTOPHER O'CONNOR, KEVIN O'CONNOR, JAMES ADAM COX, MICHAEL FRASER, and ROBERT McNALLY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) **Case No. 2:14-cv-00192-NT** |
| | ) |
| v. | ) ) |
| OAKHURST DAIRY AND DAIRY FARMERS OF AMERICA, INC., | ) ) ) |
| Defendants. | ) ) |

**[PROPOSED]
ORDER AUTHORIZING NOTICE TO CLASS
AND ESTABLISHING SCHEDULE FOR FURTHER ACTION**

Before the Court is the parties' Joint Motion for preliminary review of their proposed class settlement and for an Order Preliminarily Approving Class Settlement, Preliminarily Certifying Settlement Class, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Settlement, and Appointing Settlement Class Counsel and Class Representatives. To ensure proper notice is provided to class members in accordance with due process requirements; and to conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, I HEREBY MAKE THE FOLLOWING DETERMINATIONS AND ORDERS:

      1.     This Order incorporates by reference the definitions in the Settlement Agreement and Release, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement and Release.

2.      The Court GRANTS the parties' request for a preliminary review of the Settlement Agreement, finding it appears to fall within the range of possible final approval. It further appears that sufficient informal and formal discovery, investigation, research, and contested litigation have been conducted for experienced counsel to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement Agreement has been reached as the result of intensive, informed, and non-collusive negotiations between the parties following multiple days of mediation with a skilled and respected mediator and a Judicial Settlement Officer of this Court.

3.      The Court GRANTS the parties' request for preliminary certification of the following Rule 23 Settlement Class for the sole, and limited, purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

> All current and former Route Sales Drivers assigned to an Oakhurst location in Maine who performed compensable work as employees of Oakhurst Dairy between May 5, 2008 and August 29, 2012 and received from Oakhurst Dairy at least one non-zero dollar check for compensable work during that time period.

The Court recognizes certification under this Order is for settlement purposes only, and shall not constitute, or be construed as, an admission by Defendants that this action is appropriate for class certification for any other purpose. If, for any reason, the Settlement is not granted final approval, entry of this Order is without prejudice to the rights of Defendants to oppose certification of the Named Plaintiffs' claims as a class action.

4.      The Court APPOINTS Plaintiffs' Counsel, Jeffrey N. Young, David G. Webbert, and Carol J. Garvan, of the law firm of Johnson, Webbert & Young, LLP, as class counsel.

5.      The Court APPOINTS the Named Plaintiffs—Christopher O'Connor, Kevin O'Connor, James Adam Cox, Michael Fraser, and Robert McNally—as class representatives.

6.      The Court finds that the Notice of Proposed Class Action Settlement advises of the pendency of the litigation and of the proposed settlement, of the timing and procedures for Class Members to request exclusion from the Class and the Settlement (i.e., to opt out), and of the Final Approval Hearing. The Notice fairly and adequately advises Class Members of: the terms of the proposed Settlement and the benefits available to Class Members thereunder; their right to request exclusion from (or to "opt-out" of) the Class and the procedures for doing so; their right to file documentation in support of or in opposition to the Settlement and procedures for doing so; the date, time and location of the Final Approval Hearing; and the procedures that Class Members must follow to be heard at the Final Approval Hearing. The Court further finds that the Notice comports with all Constitutional requirements including those of due process. Accordingly, good cause appearing, the Court hereby authorizes the proposed Notice of Proposed Class Action Settlement, as attached to the Settlement Agreement and Release as Exhibit A.

7.      The Court APPROVES the selection and designation of KCC Class Action Administration as Settlement Administrator, and the payment of reasonable administration costs to be paid from the Global Settlement Fund.

8.      Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and establishes the following deadlines:

          a.  Within seven (7) business days after entry of this Order, Defendants will provide to the Settlement Administrator and to Plaintiffs' Counsel the names, last known U.S. mail and email address, and Social Security number for each Settlement Class Member; and Plaintiffs will provide to the Settlement

Administrator all contact information in their possession for each Settlement Class Member.

b.  Within twenty (20) calendar days of entry of this Order, the Settlement Administrator will compare the provided U.S. mail address to information available from the U.S. Postal Service or similar database, and send to each Settlement Class Member by U.S. first class mail, postage pre-paid, the Notice of Settlement to the Member's current U.S. mail address. The Court finds that mailing the Notice to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of the Litigation, the proposed Settlement, and their rights with respect to it. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate in accord with all constitutional and statutory requirements, including all due process requirements.

c.  Within ten (10) calendar days of receiving notice from the U.S. Postal Service that a Notice of Settlement was undeliverable, the Settlement Administrator shall, after utilizing up-to-date practices to determine a current U.S. mail address, re-mail the Notice of Settlement.

d.  Within sixty (60) calendar days after the Court issues this Preliminary Approval Order, Plaintiffs' counsel will file a motion for approval of reasonable attorneys' fees, costs, and litigation expenses, and a motion for approval of Service Awards payable to the Named Plaintiffs, all of which are to be paid from the Global Settlement Fund.

e. Within forty-five (45) calendar days from the mailing of the Notice of Settlement (45 days from the second mailing for those whose first mailing was returned undeliverable), any request to opt out of the Settlement, containing the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator. Any Settlement Class Member who does not provide a timely notice of opting out that complies with the Notice of Settlement, or who provides such notice but then rescinds it, shall be bound by the terms of the Settlement if finally approved by the Court.

f. Within forty-five (45) calendar days from the mailing of the Notice of Settlement (45 days from the second mailing for those whose first mailing was returned undeliverable), any objections to the Settlement that include all of the information required by the Notice of Settlement, must be timely postmarked and mailed to the Settlement Administrator.

9. Under Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Settlement Class Members who object to the proposed Settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided any such objecting Settlement Class Member has submitted to the Settlement Administrator timely notices of objection and of intention to appear that comply with the requirements of the Notice of Settlement. Settlement Class Members who timely and fully provide to the Settlement Administrator objections as set forth in the Notice of Settlement, or their counsel, may be heard at the Final Approval Hearing; and no briefs or other papers may be

received or considered unless the papers have been filed, and served on counsel for all parties, at least ten (10) days before the Final Approval Hearing.

10.     On _____, 2018 at _____ __.m. in Courtroom ___ at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101, counsel for the parties shall appear before the undersigned for a Final Approval Hearing, at which the Court will consider the fairness, adequacy and reasonableness of the proposed Settlement, and to consider the application of Class Counsel Johnson Webbert & Young, LLP, for an award of reasonable attorneys' fees, litigation expenses, and for costs of claims administration incurred. No later than thirty (30) calendar days before the Final Approval Hearing, all briefs in support of the proposed Settlement and fee and cost applications shall be served and filed with the Court.

11.     Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated: _____, 2018

6